MIKULSKI *v.* MORGAN.

1. Negligence—Definition.

   Negligence is the failure to exercise that degree of care and caution which an ordinarily prudent person usually exercises under the same or similar circumstances.

2. Theaters and Shows—Bathing Beach Equipment.

   It is incumbent upon owner of public bathing beach equipment for the use of which a fee is charged to furnish reasonably safe appliance.

3. Same—Bathing Beach Equipment—Improper Use.

   Defendant, owner of public bathing beach equipment for use of which plaintiff paid fee charged, *held*, not liable for injury sustained by plaintiff who used equipment in an improper manner, where defendant could not reasonably foresee plaintiff's probable injury, equipment was not defective in construction nor out of repair, and his alleged negligence in furnishing inherently dangerous equipment is not shown to have been the sole or effective cause of plaintiff's injury.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 7, 1934. (Docket No. 64, Calendar No. 37,830.) Decided September 18, 1934.

Case by Chester Mikulski against Morgan, first name unknown, proprietor of Morgan's Bathing Beach, for personal injuries sustained while using bathing beach equipment. Judgment for defendant. Plaintiff appeals. Affirmed.

*Glocheski & Glocheski (Wencel Milanowski,* of counsel), for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for defendant.

Potter, J. Plaintiff sued defendant to recover damages for alleged injuries claimed in the first

count of plaintiff's declaration to be due to defendant's negligence; and in the second count, to breach of an implied contract between the plaintiff and defendant. The case was submitted to the trial court upon a stipulation of facts, as follows:

"On the 26th day of June, 1932, plaintiff was a patron of a beach operated by the defendant for the use of the public. A fee was charged to all customers and they were permitted to use the bath house and avail themselves of the privileges of the bathing beach and equipment. Plaintiff paid the required fee on the aforementioned date.

"Part of the equipment provided for the use of the public was a device made by the defendant consisting of a ladder placed perpendicularly to a large gasoline tank, the ladder being held in position by four braces running from the tank to the side of the ladder. The braces formed an acute angle of approximately 20 degrees with the portion of the ladder to which they were attached, and this space between the braces and the ladder which formed the acute angle was an open space. The tank was weighted so that the ladder would stand perpendicular to the water. The practice of the bathers in using this piece of equipment was to have several of them hang on the rungs of the ladder so as to force the ladder to a position parallel with the water, and to the water level. Then, one person would hang onto the top rung of the ladder and the others would let go. This would swing the top man back and forth, or throw him into the water on the opposite side.

"Plaintiff, with other bathers, caught hold of the rungs of the ladder. The ladder was brought down to the water and everyone let go. The plaintiff's left thumb caught in the space between the brace and the rung of the ladder, and when the ladder swung upwards, it tore off the plaintiff's left thumb.

"Plaintiff suffered a great deal of pain occasioned by the loss of said thumb, and was forced to pay a

doctor bill of $56, a hospital bill of $11.50, and was out of work for a period of two weeks, thereby suffering a loss of $30. Plaintiff lost his thumb which has impaired his effectiveness in using a typewriter, which was part of the plaintiff's vocation.''

The trial court found for defendant. Plaintiff appeals. The gist of plaintiff's claim is defendant's claimed negligence.

Negligence is want of due care,—the failure to exercise that degree of care and caution which an ordinarily prudent person usually exercises under the same or similar circumstances. The question is whether, under the facts herein, defendant may be held liable for negligence. This is not a case of claimed defective premises but a question of furnishing by defendant to an invitee of an alleged dangerous appliance. Defendant kept a public resort. The appliance was furnished for use in connection therewith. It was incumbent upon defendant to furnish a reasonably safe appliance. The question is whether the appliance was unsafe or unsuitable for the purpose for which it was designed to be used. It is not claimed the appliance was defective in construction or was out of repair. It is claimed it was inherently dangerous. The injury which resulted to plaintiff arose from the use of the appliance. If plaintiff had used the appliance in a reasonable and proper manner, no injury would have occurred. Defendant could not reasonably foresee plaintiff's probable injury. The risk was apparent to plaintiff, and defendant had a right to expect plaintiff would avoid the known risk of injury. Defendant's alleged negligence is not shown to be either the sole or the effective cause of plaintiff's injury. If plaintiff used the appliance in an improper manner he barred himself from recovery. The appliance was sound, not defective in construc-

tion, its character was apparent. Any one could see it might be dangerous if used as it was used by plaintiff. Plaintiff saw it, knew its character, used it, and he knew if it was improperly used it might be dangerous. Knowing this, he undertook to use it in the manner in which it was used and was injured. He chose to take the risk.

We think defendant not liable. Judgment of the trial court affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.