GLESNER v. JONES.

Negligence — Dock — Shallow    Water — Warning — Proximate
    Cause.
    Plaintiff minor failed, as a matter of law, to establish negligence
    on the part of defendant lake resort cottage owner proximately
    causing injuries to plaintiff when he dove off end of 80′ dock
    some 1–1/2′ to 2′ above the water into water about 3′ deep and
    struck an obstruction, where the only negligence charged was
    a failure to warn him that the water was too shallow for diving
    and testimony of plaintiff himself is to the effect that such
    warning would have made no difference as he had observed the
    water was only 3′ deep and had formed a judgment that he
    could dive safely in water that shallow.

Appeal from Mackinac; Fenlon (Edward H.), J. Submitted October 2, 1962. (Docket No. 1, Calendar No. 49,596.)   Decided December 4, 1962.

Case by Joseph Glesner, Jr., a minor, by Joseph Glesner, Sr., next friend, against D. F. Jones and Mildred Jones, doing business as Jones Resort, for personal injuries sustained diving from dock into shallow water on August 18, 1958. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*McNamara & McNamara (Edward G. McNamara, Jr.,* of counsel), for plaintiff.

*Clare L. Gillett,* for defendants.

References for Points in Headnotes
38 Am Jur, Negligence § 285 *et seq.*

DETHMERS, J. Plaintiff appeals from a directed verdict of no cause for action. The ground for the trial court's directing such verdict was that, as a matter of law, plaintiff had failed to prove that defendants were guilty of negligence which was a proximate cause of his injury.

Defendants, husband and wife, owned lake resort property on which a number of cottages were located which they rented to tenants. Joseph Glesner, Jr., hereinafter called the plaintiff, was the guest of one of the tenants. From the property a dock, raised about 1–1/2 to 2 feet above the water, extended out over the lake for about 80 feet. At the far end of the dock the water was about 3 feet deep. About 70 feet beyond that a swimming raft was located on the lake. There were no signs forbidding or cautioning against swimming or diving from the dock or indicating the depth of the water. At the time in question, defendant husband was near the dock and saw or could have seen plaintiff and others on the dock. He gave them no warning against diving from the dock. Plaintiff had gone to the end of the dock, however, and had observed that the water there was about 3 feet deep. He formed a judgment that that was sufficient for him to dive into. At trial he testified that, if there had been a sign informing him that the water there was only 3 feet deep, or if defendant husband then had so informed him, he still would have dove in because it then was his judgment that his ability as a swimmer and diver would permit him to dive safely in water that shallow.

After having made the observation and formed such judgment he did dive off the dock, toward the raft, landing in the water about 10 or 12 feet from the end of the dock at a slight angle from the horizontal. His head struck an obstruction or rock on the lake bottom, causing him severe injuries, for which this suit is brought. There is no testimony as

to the size of the rock or as to how far it protruded above the lake bottom, if at all, except for plaintiff's statement that he could tell from the scar on his head that it was up off the bottom.

There is no allegation in plaintiff's declaration or any testimony that defendants knew or should have known of the presence of the rock on the day in question, or any from which a reasonable inference to that effect might be drawn. The only negligence on defendants' part alleged in the declaration consists solely of their failure to warn plaintiff that the water was too shallow for diving. Plaintiff's own testimony is that a warning to that effect would have made no difference, that he would have made the dive anyway because he had made an observation, seen that the water was only 3 feet deep and formed the judgment that he could dive safely in water that shallow. There is no other testimony, more favorable to plaintiff, from which a contrary inference reasonably could be drawn. It must be held, as a matter of law, therefore, that plaintiff failed to establish negligence of defendants which was a proximate cause of his injury. The court properly directed a verdict of no cause for action.

Affirmed. Costs to defendants.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.