BARTON *v.* MYERS.

OPINION OF THE COURT.

1. NEGLIGENCE—STANDARD OF CARE IN TRADE OR INDUSTRY.
   No one is held to a higher degree of care than the average in the trade or industry in which one is engaged.

2. EXPLOSIVES — CONTACT CEMENT — FORMICA — WARNING — NEGLI-GENCE.
   Manufacturer of a contact cement placed in a can with a label warning, in 1/4-inch letters, *Caution—Inflammable Mixture—Do not use near fire or flame held*, to have established that warning complied with the standard of the industry, hence, directed verdict in manufacturer's favor was proper in action by plaintiff who, allegedly, was injured when vapors from the

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence §§ 29–31, 33.
[2, 3] 38 Am Jur, Negligence § 90.
    22 Am Jur, Explosions and Explosives § 71.
[4] 38 Am Jur, Negligence § 346.
[5] 38 Am Jur, Negligence § 344.

cement were ignited by a gas furnace which unexpectedly went on within a short distance of where the cement was used in applying sheets of formica.

SEPARATE OPINION.

T. G. KAVANAGH, J.

3. EXPLOSIVES—WARNING—DIRECTED VERDICT.
   Action against manufacturer for failure to print adequate warning on label of container of flammable materials held, controlled by Cheli v. Cudahy Brothers Co., 267 Mich 690, hence, trial judge properly directed verdict of no cause of action.

4. NEGLIGENCE—JURY QUESTION.
   Question of reasonable care should be determined by jury on the basis that what is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not.

5. SAME—QUESTION FOR TRIER OF FACTS.
   Negligence should seldom, if ever, be determined as a matter of law.

Appeal from Genesee; McGregor (Louis D.), J. Submitted Division 2 June 8, 1965, at Lansing. (Docket No. 154.) Decided September 20, 1965. Leave to appeal granted by Supreme Court November 24, 1965.

Declaration by Gerald Barton against Irving E. Myers, Rosemary Myers, and Permalastic Products Company, a Michigan corporation, for injuries sustained when vapors from a flammable product exploded and burned plaintiff. Directed verdict and judgment for defendant Permalastic Products Company. Plaintiff appeals. Affirmed.

*Howard C. Fisher,* for plaintiff.

*Brownell, Gault & Andrews (Dale E. Andrews,* of counsel), for defendant Permalastic Products Company.

QUINN, J. Gerald Barton was burned while applying defendant Permalastic Products Company's "Permalastic Contact Bond Cement" to formica sheets. As a reasonable inference from the facts, it appears that the vapors from the cement were ignited by a gas furnace which unexpectedly went on within a short distance of where plaintiff was using the cement. He brought this suit for damages alleging that the defendant Permalastic Products Company was negligent in not providing more warning of the volatility and explosive nature of the product.

At the conclusion of the proofs, the defendant's motion for a directed verdict was granted. The question presented on this appeal is whether or not there was a jury question.

The label on the can which plaintiff used contained the warning: "Caution—Inflammable Mixture—Do not use near fire or flame," printed in letters approximately 1/4 inch in height. The defendant established by ample proof that the warning complied with the standard of the industry. The plaintiff claims that the warning was not adequate.

The case is governed by *Cheli* v. *Cudahy Brothers Co.* (1934), 267 Mich 690, wherein it is said at page 695:

" 'No one is held liable to a higher degree of care than the average in the trade or business in which he is engaged.' *Ketterer* v. *Armour & Co.*, 160 CCA 111, 121 (247 F 921, 931, LRA 1918 D, 798)."

On this record, the trial court properly directed a verdict of no cause for action. Trial court affirmed, with costs to appellee.

J. H. GILLIS, P. J., concurred with QUINN, J.

T. G. KAVANAGH, J. (*concurring*). The *Cheli* decision requires affirmance and for that reason, I con-

cur.  However, I believe the better rule is that the reasonableness of care should be determined by the jury in accord with the principle enunciated by Mr. Justice Holmes in *Texas & P. R. Co.* v. *Behymer* (1903), 189 US 468 (23 S Ct 622, 47 L ed 905) at page 470:

"What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not."

I believe that negligence should seldom, if ever, be determined as a matter of law for the reasons so well stated in Mr. Justice COOLEY's opinion in *Detroit & M. R. Co.* v. *Van Steinburg* (1868), 17 Mich 99.