DOUTRE *v.* NIEC.

1. NEGLIGENCE—BEAUTICIANS—STANDARD OF CARE—EVIDENCE.

Exclusion of testimony of defendant beauticians as to standard of care used by such operators in the county *held*, reversible error, requiring new trial, in action for head and facial injuries received by plaintiff from bleach and color treatment administered by defendants without a pretreatment patch test, where one of the defendants had been in the business for 24 years and the other for 14 years, had attended conventions of beauticians and observed their practices and said they were abreast of the practices of other beauticians in the county, since no one can be held to a higher standard of care than the average in the industry.

2. NEW TRIAL—BEAUTICIANS—LIABILITY—DAMAGES.

New trial, not limited to liability, is ordered in action for damages because of head and facial injuries received in bleach and color treatment by defendant beauticians without a pretreatment patch test having been made, where there was an error made in the exclusion of evidence touching upon the issue of liability, justice requiring that the jury which determines the liability or the lack of it should have the responsibility for measuring any damages, especially when they are unliquidated.

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 November 2, 1965, at Lansing. (Docket No. 402.) Decided December 20, 1965. Rehearing denied January 26, 1966.

Complaint by Helen Doutre against Pauline Niec and Floyd Niec, doing business as Pauline's Beauty

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, *Barbers and Cosmetologists* § 19.
    Liability of barber, beauty shop or specialist, barber college, or school of beauty culture, for injury to patron. 14 ALR2d 860.
[2] 39 Am Jur, *New Trial* § 24.

Shop, for head and facial injuries received when plaintiff received a bleach and color treatment from defendants.   Verdict and judgment for plaintiff. Defendants' motion for new trial granted as to the issue of liability.   Defendants appeal and plaintiff cross appeals.   Reversed and remanded for new trial as to all issues.

*Howard C. Fisher,* for plaintiff.

*Walter J. Barkey,* for defendants.

T. G. KAVANAGH, J.   Defendants operate a beauty shop in Flint.   On April 19, 1962, plaintiff was given a bleach and color treatment by defendants without a pretreatment patch test.   Plaintiff received head and facial injuries as a result of the treatment and sued for damages.

During the trial defendants were not allowed to testify as to the standard of care observed by beauty shops in the Flint area when administering such treatment.   The jury awarded plaintiff $10,000.   Defendants filed a motion for a new trial.   Such motion was granted and a new trial ordered but limited to the question of liability.

Both parties appeal.

The plaintiff alleges error in granting the new trial as to liability on the theory that the court was correct in the first place when he ruled at the trial that the proffered testimony on the standard of care was not admissible.   The defendants allege the court erred in limiting the new trial to the issue of liability on the theory that the questions of liability and damages are so closely intertwined that they should be tried together.

As to the plaintiff's claim we find little merit.   His objection is based on the theory that the defendants

could know of the practices of the trade in Flint only by hearsay. This is not supported by the record.

The record shows that one of the defendants had been in the business for 24 years and the other for 14 years; they had attended conventions of beauticians and observed their practices and said they were abreast of the practices of other beauticians in Genesee county.

We agree with the trial court's last ruling that these witnesses should have been allowed to testify and that to exclude their testimony was error requiring a new trial. Such testimony is admissible because no one is held to a higher standard of care than the average in the industry. *Barton* v. *Myers* (1965), 1 Mich App 460.

The limitation of the trial to the issue of liability only poses a more difficult problem. It has long been recognized that the questions of liability and damages are so closely intertwined that they may not usually be separated. The only exception the Michigan Supreme Court has so far recognized is in the case wherein "liability is clear" a retrial of the issue of damage alone may be permitted. *Trapp* v. *King* (1965), 374 Mich 608.

In this case the court reiterated its position that despite the court rule authorizing it (GCR 1963, 527.1), limited new trials are not favored. No compelling reason moves us to extend the rule.

The trial judge's opinion states: "This ruling (on the evidentiary question) may have materially influenced the jury on the liability issue. It could not, however, by any stretch of the imagination have affected the issue of damages." This bespeaks an assurance we do not share.

In the case before us the damages are not liquidated and the liability was determined pursuant to a trial in which an admitted error touching on liability was committed. Under these circumstances

it seems to us that justice requires that the jury which determines the liability or lack of it should have the responsibility for measuring any damages.

The trial court's order for a new trial shall be extended to all of the issues. Costs are awarded defendants.

McGREGOR, P. J., and FITZGERALD, J., concurred.