CHRYSLER CORPORATION *v.* BUDD COMPANY

1. SALES—CONTRACTS—WARRANTY—INDEMNIFICATION—TERMS.

Language of clause in purchase order for goods in which defendant seller undertook to "defend, indemnify and hold harmless purchaser from and against any and all claims, losses or damages resulting from or arising out of a breach of seller's warranty" was plain and unambiguous and should control unless negligence of plaintiff purchaser with respect to the goods prevents its operation.

2. SAME — CONTRACTS — WARRANTY — INDEMNIFICATION — INSPECTION — NEGLIGENCE.

Negligence of plaintiff, purchaser of wheels for use on its trucks, in failing to detect defects in wheels sold to it by defendant and in failing to warn the consumer of known defects is not the kind of negligence which precludes plaintiff from asserting its rights under indemnification agreement with defendant.

Appeal from Oakland, Moore (Arthur E.), J. Submitted Division 2 November 14, 1968, at Lansing. (Docket No. 4,288.) Decided January 30, 1969. Leave to appeal denied March 26, 1969. See 381 Mich 812.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Sales §§ 809, 810.
[2] Products liability: manufacturer's responsibility for defective component supplied by another and incorporated in product. 3 ALR3d 1016.
Seller's duty to test or inspect as affecting his liability for product-caused injury. 6 ALR3d 12.
Construction and effect of UCC Art 2, dealing with sales. 17 ALR 3d 1010.
Implied warranty of quality, fitness, or condition as affected by buyer's inspection of, or opportunity to inspect, goods. 168 ALR 389.

Complaint by Chrysler Corporation, a Delaware corporation, against the Budd Company, a Pennsylvania corporation, for indemnification under warranty and indemnification provisions of purchase order for truck wheels. Summary judgment for plaintiff. Defendant's motion for rehearing denied. Defendant appeals. Affirmed.

*Charles R. Taylor,* for plaintiff.

*Alexander, Buchanan & Conklin (Floyd S. Wescott,* of counsel), for defendant.

QUINN, J.   Plaintiff instituted this action for indemnification under the warranty and indemnity provisions of its purchase order for truck wheels manufactured by defendant. The basis for the action was a judgment against the parties hereto in a wrongful death action arising out of an accident which involved a defective truck wheel. In *Witt* v. *Chrysler Corporation* (1968), 15 Mich App 576, this judgment was affirmed.

Both parties moved for summary judgment, and the trial court granted plaintiff's motion and denied defendant's. The latter's motion for rehearing was denied and it appeals.

The language of the provision relied on by plaintiff is:

"Seller warrants that the goods and materials covered by this order will comply with the specifications, drawings, descriptions or samples furnished or specified by purchaser and that the same will be merchantable, of good material and workmanship and free from defects. Seller also warrants that any items furnished under this order that are designed by seller will be fit and sufficient for the purposes intended. Seller specifically agrees to defend, indemnify and hold harmless purchaser from and

against any and all claims, losses or damages resulting from or arising out of a breach of seller's warranty."

We find this language plain and unambiguous, and it should control unless the negligence of plaintiff prevents it. At the instance of both parties, the record in *Witt, supra,* was used on this appeal. In *Witt,* the negligence asserted against Chrysler related to testing and inspection for defects and failure to warn of known danger. A claim for breach of warranty was also asserted against Chrysler in *Witt.* From the general verdict in *Witt,* it is not possible to determine whether the liability of Chrysler was founded on breach of warranty or negligence. If it was on the basis of negligence, the latter could only be in the areas of detecting and correcting a defect created by Budd Company, in failing to warn of a known danger, or both. It was not the type of negligence on the part of the indemnitee which existed in *Meadows* v. *Depco Equipment Company* (1966), 4 Mich App 370, and *Geurink* v. *Herlihy Mid-Continent Company* (1966), 5 Mich App 154, and which, in those cases, barred recovery by the indemnitee. Nor was there a warranty involved in either *Meadows* or *Geurink.* Those decisions and the language thereof are not applicable here.

The negligence of plaintiff in failing to detect and correct a defect created by defendant which caused injury to a third party and plaintiff's negligence in failing to warn of known danger is not the type of negligence which precludes plaintiff from asserting its plain rights under the indemnity agreement. *Booth-Kelly Lumber Company* v. *Southern Pacific Company* (CA9, 1950), 183 F2d 902.

Affirmed with costs to plaintiff.

McGregor, P. J., and Letts, J., concurred.