### WITT v. CHRYSLER CORPORATION

1. NEW TRIAL—DISCRETION OF THE COURT.

Granting of a motion for new trial rests in the sound discretion of the trial court and affirmance of denial of this motion depends on whether prejudicial error was committed.

2. PLEADING — VARIANCE OF PLEADING AND PROOF — AMENDMENT — FAILURE TO OBJECT.

It is not prejudicial error to allow plaintiff to amend pleadings to conform to proofs where the record shows the amendment was related to an issue which supported defendant's theory and was tried without objection even though not raised by the pleadings (GCR 1963, 118.3).

3. NEGLIGENCE—MOTOR VEHICLE—DEFECTS—MANUFACTURER'S FAILURE TO WARN—QUESTION OF FACT.

Question of negligence by motor vehicle manufacturer in failing to warn a purchaser of defect in the truck manufacturer was selling is a fact for jury determination, and a determination of negligence will not be overturned on appeal where the record shows evidence from which the jury could conclude that the manufacturer knew or should have known of the defect.

4. WITNESSES—EXPERT WITNESS—SUBMISSION TO JURY—OBJECTION.

Defendant cannot claim on appeal that testimony of plaintiff's expert witness was not sufficiently credible to be submitted to the jury when he did not object to admission of the testimony at trial; once the testimony is admitted its weight and credibility are for the jury.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 11] 39 Am Jur, New Trial §§ 13, 131, 201.
[2] 41 Am Jur, Pleading §§ 309, 310.
[3] 38 Am Jur, Negligence § 358.
[4, 6] 5 Am Jur 2d, Appeal and Error §§ 545, 601, 602.
[5] 31 Am Jur 2d, Expert and Opinion Evidence §§ 31, 32.
[7] 38 Am Jur, Negligence §§ 364, 365.
[8] 4 Am Jur 2d, Appeal and Error §§ 537, 538.
[9, 10] 4 Am Jur 2d, Appeal and Error §§ 537, 538; 38 Am Jur, Negligence § 366.

5. SAME—EXPERT WITNESS—QUALIFICATION—LAYING FOUNDATION.

Admission of expert testimony on testing and inspection of motor vehicle wheels without sufficient foundation of qualification for the expert witness to testify as to his opinion was not prejudicial error where there was other testimony which corroborated the witness's opinion testimony.

6. SAME — EXPERT TESTIMONY — FAILURE TO OBJECT — PRESERVING QUESTION.

Failure of defendant to object or move to strike testimony of plaintiff's expert as to tests and inspection procedures on motor vehicle wheels which could have been made without showing such tests to be practical or standard procedures prevents defendant from raising on appeal the argument that the opinion testimony resulted in defendant being held to a higher degree of care than the average in the industry.

7. NEGLIGENCE—MOTOR VEHICLE MANUFACTURER—COMPONENT PARTS —INSPECTION FOR DEFECTS—STANDARD OF CARE.

Trial judge's instruction which fixes the standard of care for automobile manufacturers in inspecting for defects in wheels as reasonable care, and instructs that standards, customs, or regulations in the industry for safety testing and safety inspection may be considered but are not controlling is not error, notwithstanding manufacturer's contention that he is to be held to no higher degree of care than the average in the industry.

8. TRIAL—INSTRUCTION TO JURY.

Defendant's contention that the trial court committed reversible error in not giving a requested instruction is without merit where the charge given covered the substance of defendant's request.

9. PRODUCTS LIABILITY—MOTOR VEHICLE MANUFACTURER—DEFECTIVE PARTS—PROXIMATE CAUSE—INSTRUCTIONS TO JURY.

Refusal to give an automobile manufacturer's request to charge the jury in action for wrongful death caused by defective wheel that if purchaser learned of the defect in his vehicle and invited a third party to join in the use of the vehicle, then the third party could not maintain an action against the manufacturer for any injuries received as a result of the defect, *held* proper because inappropriate in the form submitted where an adequate instruction on proximate cause and multiple proximate cause was given.

10. SAME—MOTOR VEHICLES—DEFECTIVE PARTS—INJURY—MISUSE—
    PROXIMATE CAUSE.
     Defendant's requested instruction in action against motor vehicle
     manufacturer sounding in breach of warranty for furnishing
     defective wheel assembly, that misuse and overloading of motor
     vehicle in which plaintiff was riding could be the proximate
     cause of injury complained of, was not appropriate and was
     properly denied where there was no evidence that the injury
     was caused by misuse and overloading of the vehicle.

11. NEW TRIAL—DISCRETION.
     A trial court's denial of motion for new trial will be upheld
     where a review of the entire record does not convince the
     appellate court that there was an abuse of discretion in admit-
     ting exhibits into evidence, in denying a new trial because of
     the claim that the verdict was against the great weight of
     evidence, and in denying certain requested instructions of
     defendant.

Appeal from Oakland, Moore (Arthur E.), J.
Submitted Division 2 November 4, 1968, at Lansing.
(Docket No. 2,435.)     Decided January 30, 1969.
Leave to appeal denied April 22, 1969.     See 381
Mich 818.

Complaint by Betty E. Witt, administratrix of the
estate of Albert W. Witt, deceased, against Chrysler
Corporation, a Delaware corporation, for negligence
and breach of implied warranty.     Judgment for
plaintiff.     Defendant appeals.     Affirmed.

*Gussin, Weinstein & Kroll,* for plaintiff.

*Charles R. Taylor,* for defendant.

QUINN, J.     Plaintiff's decedent was killed October
4, 1962 in Wyoming when the motor vehicle in which
he was a passenger left the road and rolled over.
This wrongful death action ensued on a claim of
product liability based on the theory that the fatal

accident was caused by a defective wheel and rim manufactured by Budd Company for defendant. Plaintiff further claimed defendant negligently incorporated the defective wheel and rim in its truck, which was involved in the accident, and that defendand failed to warn of the danger created thereby. Plaintiff also claimed breach of implied warranty of fitness.

As pleaded and tried, the action was against defendant and Budd Company. The trial resulted in a jury verdict for plaintiff in the amount of $150,-000 against both defendants and judgment entered thereon. Defendants moved for a judgment notwithstanding the verdict or for new trial and they appealed from the order denying new trial. While appeal was pending, Budd Company settled with plaintiff, but Chrysler Corporation continues the appeal.

"Ordinarily the granting of a motion for new trial rests in the sound discretion of the trial court, and affirmance of a denial of such motion depends on whether prejudicial error was committed." *Decker v. Schumacher* (1945), 312 Mich 6, 12. We review the 12 errors asserted by defendant to determine if all, or any, are prejudicial.

At the close of proofs, plaintiff moved to amend her pleadings to conform to proofs and this motion was granted. Defendant says this was prejudicial error because it changed plaintiff's theory of the case. The record discloses the amendment related to an issue which supported defendant's theory, and one that was tried without objection even though not specifically raised by the pleadings. GCR 1963, 118.3 controls and we find no error.

The next question is an evidentiary one. Defendant states it as follows:

"Was there sufficient credible and conflicting testimony on which to present a question of fact for the jury as to whether Chrysler Corporation was guilty of negligence in failing to warn of a defect which was known to them, or should have been known to them?"

The trial court answered this question in the affirmative. A review of the record convinces this Court that the affirmative answer is correct. There is evidence in the record from which the jury could have found that defendant knew or should have known of the defect. With such knowledge, negligence in failing to warn became a fact question for jury determination. *Comstock* v. *General Motors Corporation* (1959), 358 Mich 163, 178 (78 ALR2d 449).

Defendant attacks the opinion evidence of plaintiff's expert witness, claiming such evidence was not sufficiently credible to submit to the jury for consideration as an aid in determining the ultimate fact. Defendant did not object to the admission of the expert's testimony and the admission may not be questioned here. *Cabana* v. *City of Hart* (1950), 327 Mich 287 (19 ALR2d 333). Once admitted, the weight and credibility of such testimony is for the jury.

Next, defendant poses this question:

"Was there sufficient foundation of qualification and knowledge laid to allow plaintiff's expert witness to testify as to his opinions relating to the adequacy or inadequacy of testing and inspecting wheels?"

Defendant contends the answer should be no. Assuming defendant is correct and that error is established, we are unable to categorize it prejudicial in view of other testimony on testing and inspecting which corroborated the opinion testimony of plaintiff's expert in this respect.

Defendant attacks the submission to the jury as evidence of negligence the opinion testimony of plaintiff's expert as to tests and inspection procedures that could have been made when it was not shown such tests were practical or standard or used by other manufacturers. Defendant argues that this submission resulted in it being held to a higher degree of care than the average in the industry, and that this is contrary to established law, citing *Livesley* v. *Continental Motors Corporation* (1951), 331 Mich 434. The testimony defendant attacks was admitted without proper objection and there was no motion to strike. It appears defendant is attempting to do by indirection on appeal what it should have done directly at trial. This is not permitted.

However, the substance of the argument just discussed is inherent in defendant's next question phrased as follows:

"Was the jury allowed to speculatively set its own standard as to whether appellant observed a reasonable standard of care in inspection and testing of wheels in the charge received from the court?"

Defendant requested the following instruction:

"I charge you that the failure to apply tests which plaintiff claims would have shown up latent defects in the wheel used on the Dodge truck would not be evidence of negligence where the tests suggested by plaintiff through his witnesses were shown either to be less efficient or sensitive or were not such as experience had proven practicable or shown to be used in the industry or considered to be a standard test."

This was refused and the court instructed as follows:

"Testimony of those experienced in the business concerning observance of certain standards, cus-

toms, or regulations involved in the automobile manufacturing and assembly business for safety testing and safety inspection of wheels being manufactured and assembled, is evidence which you may properly consider. However, such standards, customs, and regulations are not necessarily controlling, nor do you need consider them if you believe otherwise. Likewise, expert testimony as to reasonable, necessary safety testing and safety inspection reasonably required for safety and done or not done, or had by the defendants in their automobile manufacturing and assembly business, may also be considered by you. However, such testimony or lack of testing or inspection is not necessarily bound thereby. The point is this: the observance of a custom or a failure to observe it in a particular business, does not necessarily amount to due care or lack of it; but it is such evidence as is admissible as tending to show what a reasonably prudent manufacturer or person would do under same or similar circumstances.

"Now as to the matter of common prudence. The fact that it is not customary to employ certain testing and inspection will not excuse a manufacturer for its failure to provide them, if common prudence requires their use in a particular case."

The fact that the requested instruction was refused and the last quoted instruction was given is the basis of defendant's complaint that it was held to a higher degree of care than the average in the industry and that the jury was allowed speculatively to set its own standard of reasonable care in inspection and testing.

In support of its contention that the law does not hold it to a higher degree of care than the average in the industry, defendant relies on *Chelli* v. *Cudahy Brothers Company* (1934), 267 Mich 690; *Barton* v. *Myers* (1965), 1 Mich App 460; *Doutre* v. *Niec* (1965), 2 Mich App 88, and *Livesley, supra.*

Literally, the language of *Chelli, supra,* supports defendant's position that legally it is not held to a higher degree of care than the average in the industry. However, it was shown in *Chelli* that "there is no known practicable or feasible method of determining whether hogs are infested with trichinae." We do not accept *Chelli* as sound authority for the proposition here advanced by defendant.

*Barton, supra,* involves warning, not testing and inspection, and the warning was given in print of a reasonable size. On the facts of *Barton,* the "higher degree of care than the average in the industry" language may not have been inappropriate, but it certainly is not authority for defendant's claim that it is held to no higher degree of care than the average in the industry. To adopt this view would permit the industry to set its own standard of care.

*Doutre, supra,* does not support defendant and as we read *Livesley, supra,* it fixes the standard of care to which defendant is held as reasonable care. By the instruction given and here complained of, the trial judge fixed the standard as reasonable care and specified the elements of the case to be considered in determining whether reasonable care was used by defendant. This was not error; the instruction stated the law.

Defendant's contention that the trial court erred reversibly in not giving a requested instruction on an expert's testimony is without merit. The charge given covered the substance of defendant's request. *Henning* v. *Riegler Water Well Drilling, Inc.* (1960), 360 Mich 288, 297.

It was plaintiff's theory that this accident was caused by a front tire leaking air as a result of the defective wheel and rim. There was evidence that the truck owner knew this tire was leaking air for some time prior to the accident and that he had had

the tire checked for the leak at a gas station and had discussed the problem with some person at the dealership where the truck was purchased. Defendant requested the following instruction:

"I charge you that where the purchaser of an automobile or other machine learns of a defect by his own experience and knows that the article is unsafe, or dangerous, and with knowledge of this fact, continues to use the vehicle or invites or permits third parties to use the vehicle, and the third party is injured, the third party cannot maintain an action for negligence against the manufacturer of the automobile or machine. If you find in this case that the owner of the vehicle discovered a defect and with that knowledge continued to use the vehicle with the defect existing and that as a result of the defect the accident happened, or that the claimed defect was a contributing cause to the accident then you will find in favor of the defendant, Chrysler Corporation, and your verdict will be no cause for action."

The trial court declined this request in the form submitted because it was inappropriate. No amended request was submitted.

The trial judge did instruct as follows:

"Now, the term 'proximate cause', which I just mentioned, means and is defined as follows: A cause which in its natural and continuance sequence, unbroken by any new cause, produces an event, and without which the event would not have occurred. But in order to warrant a finding that negligence or breach of warranty is a proximate—two words again, a proximate cause of an injury, it must appear from the evidence that the injury was the natural and probable consequence of the negligence or breach of warranty here alleged.

"There may be more than one proximate cause. There may be sometimes two or three or four or even more, and so here if you find that the father,

Albert Witt, Sr., was guilty of some negligence which was a proximate cause of this accident, and/or if you find that James Witt in driving was guilty of some negligence which was a proximate cause of this accident, these all might be other proximate causes. Nevertheless, if you find that either defendant or both defendants were guilty of negligence or breach of implied warranty, and that this negligence or breach of implied warranty was a proximate cause of the accident, then plaintiff Betty Witt, as administratrix, would be entitled to recover.

"On the other hand, if you find that the sole proximate cause of the accident was some other proximate cause or was, for instance, the sudden loss of air, or the blowout of the left rear snow tire, caused the driver to lose control, then if that is the sole cause, sole proximate cause, your verdict should be one of no cause for action on behalf of either defendant."

This action is for the wrongful death of a passenger. The requested instruction was properly declined and the instruction given was correct. *Comstock v. General Motors Corporation* (1959), 358 Mich 163 (78 ALR2d 449).

The proofs in the case show that the truck owner converted the truck into a "camper" by attaching a structure to it. The owner did not disclose to the dealer that he wanted the truck for this purpose. There was evidence the truck was overloaded at the time of the accident. With respect to plaintiff's breach of warranty claim, defendant requested instructions on operation of the truck in excess of its known operation limits as a proximate cause, injury caused by misuse not contemplated by the manufacturer, and reliance on the seller's skill and judgment. We find none of these requests appropriate. Plaintiff's breach of warranty claim was restricted to the wheel and rim and the court so charged. In

addition, there is no showing here that the accident was caused by overloading or misuse.

Defendant contends there was not sufficient credible evidence to support the admission of exhibit 2 (the claimed defective wheel) into evidence. There was evidence to support the admission of the wheel in evidence; the credibility of such evidence was for the jury.

A review of the entire record does not convince this Court that the trial court abused its discretion in denying a new trial because of the claim that the verdict was against the great weight of the evidence.

Defendant requested an instruction on equiponderant theories, only one of which supports liability. This was refused and no instruction of this sort was given. On the facts of the case, no such instruction was warranted.

We find no prejudicial error and affirm, with costs to plaintiff.

McGregor, P. J., and Letts, J., concurred.