Stanley **DE PREE** and Winifred **De Pree,**
Plaintiffs-Appellees.

v.

**NUTONE, INC.,** Defendant-Appellant.

No. 19091.

United States Court of Appeals
Sixth Circuit.
Jan. 26, 1970.

---

Thomas F. Blackwell, Grand Rapids, Mich., for appellant; Smith, Haughey & Rice, Grand Rapids, Mich., on brief.

Peter Armstrong, Grand Rapids, Mich., for appellees; Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., on brief.

Before WEICK and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McCREE, Circuit Judge.

Defendant appeals from a judgment rendered by the court, sitting without a jury, awarding damages of $25,000 to Mrs. Winifred DePree for the loss of part of her right index finger and $3,-000 to her husband, Stanley DePree, for loss of consortium. The injury occurred when Mrs. DePree used her finger to try to remove some partially ground chicken from the bottom of the cutter plate of a vertical meat grinder operated by a counter-sunk electric motor manufactured by defendant. As a result of the accident and ensuing infections, Mrs. DePree's finger was amputated at the middle phalanx.

The District Judge in his findings of fact and conclusions of law, filed pur-

suant to Fed.R.Civ.P. 52(a), found that defendant had breached express warranties that the operating instructions were adequate and complete to assure safe operation of the grinder; that plaintiff could use the grinder for its intended purpose in a manner recommended by the cautions and instructions of defendant in complete safety; that the only danger in using the grinder would be from the top end and from the feed screw; and that the grinder was completely safe in all other respects. He also found that defendant was negligent in that the use of the coarse cutter plate presented a latent danger not apparent to the user; that the grinder had not been adequately tested for safety; and that adequate warning and safety devices were not provided to guard against that danger. He found that defendant's negligence and breach of warranty were proximate causes of the mishap; that Mrs. DePree was not guilty of contributory negligence; and that her use of the grinder was in the intended manner and within the scope of defendant's warranties.

Appellant contends that the representations contained in its instruction booklets and related literature were not express warranties; that if they are held to be warranties they were not breached; that the product was not negligently designed or manufactured; that any breach of warranty or negligence was not the proximate cause of the injury; and that the verdict was excessive.

■■■ Michigan law, which governs in this diversity case, permits recovery for an injury which results from a defect in a product or as a consequence of negligence in its manufacture. The development of Michigan case law makes the elements of the actions basically similar, although recovery may be had for negligence even in the absence of an identifiable defect. The measure of damages is the same whether the action is one for breach of warranty or for negligence. Spence v. Three Rivers Builders & Masonry Supply, Inc., 353 Mich. 120, 90 N. W.2d 873 (1958); Piercefield v. Remington Arms Co., 375 Mich. 85, 133 N. W.2d 129 (1965); Comment, Products Liability in Michigan: Implied Warranty, Strict Tort, or Both? 15 Wayne L.Rev. 1558, 1564 (1969).

■ Here it is unnecessary to discuss all of appellant's arguments, because the verdict can be sustained on the District Court's finding of negligence. There was, first of all, evidence that appellant ignored the relevant Underwriters' Laboratories' safety standards in designing its coarse cutter plate so that the openings in the plate were large enough to permit the insertion of a human finger.[1] Furthermore, a jury could find that appellant's warnings and instructions were misleading. These instructions emphasized the possible dangers from placing one's hand near the feed screw or into the top of the grinder, but they were silent about any danger from placing one's fingers into the easily accessible bottom end of the machine. Appellant provided a wooden spatula for use (according to the instructions) only at the top end of the machine. Appellant, at one time, provided a special spatula for use at the bottom end of the grinder, but this accessory and the requisite instructions were not included with the grinder purchased by plaintiffs.

■■ From these facts a jury could find that appellant acted negligently. They justified a conclusion that the warnings concerning the top end of the grinder strongly implied that there was no reason for caution in using the bottom end. *Cf.* Haberly v. Reardon Co., 319 S.W.2d 859, 867 (Mo.1948); Hopkins v. E. I. du Pont de Nemours & Co., 199 F.2d 930, 933–934 (3d Cir.1952). Here the District Judge, acting in place of a jury, made such findings. We hold that he did not err in considering the to-

1. Departure from industry or other standards is not negligence *per se*, but can constitute evidence tending to prove lack of due care. Witt v. Chrysler Corp., 15 Mich.App. 576, 579–580, 167 N.W.2d 100 (1969).

tal product package: both the mechanism and the instructions and warnings which were provided with it. *See* Helene Curtis Industries, Inc. v. Pruitt, 385 F.2d 841, 856 (5th Cir.1968). The manufacturer of a meat grinder knows that his product can pulverize human fingers as well as chicken flesh. Appellant apparently recognized the duty to provide instructions and warnings which is imposed by Michigan law. Weekes v. Michigan Chrome & Chemical Co., 352 F.2d 603, 607 (6th Cir.1965); *see also* Comstock v. General Motors Corp., 358 Mich. 163, 176–177, 99 N.W.2d 627, 78 A.L.R.2d 449 (1959). And a mechanically unsophisticated housewife (which category doubtless includes a substantial number of the likely users of the product) is entitled to rely on the completeness and accuracy of the instructions and warnings provided by a responsible manufacturer.

 We also determine that the District Court did not err in finding the appellant's negligence was a proximate cause of the injury. Although the trier of fact could have found that plaintiff understood and assumed the risk, as the jury did in Barefield v. Coca-Cola Bottling Co., 370 Mich. 1, 120 N.W.2d 786 (1963), here the District Judge did not. We hold that there were sufficient facts to support his finding that plaintiff was under no duty to examine the grinder to determine its precise mechanical operation, and that she was therefore not guilty of contributory negligence or assumption of risk. On many previous occasions she had safely used her finger to scrape the bottom of the fine cutter plate, and the court could have found that there was nothing about the coarse plate, which she employed for the first time, to put her on notice of any danger.[2]

 Appellant also questions the amount of the damages. Although the $28,000 award may seem generous by some standards, we do not think it is, in

2. *See* Trial Record, at 36–38 (testimony of Mrs. DePree):

A. I used the coarse cutter plate that day.

Q. Would you indicate why for the first time you used the coarse cutter plate?

A. On that morning I was grinding cooked chicken. I think it is the first time I had done this. And the chicken was very tender, and I was grinding it for a sandwich filling. I was having a recital workshop the next day. (37) And it occurred to me this would be altogether too soft if I used this fine cutter plate. And I just thought, why not use the coarse cutter plate this time because of that? I believe that was the first time I ever ground chicken. It is usually not necessary. So I found the coarse cutter plate and used it. That was the first time I had ever used it.

Q. When you used it, did you realize that the size of the hole was sufficient so that your index finger could go through it?

A. I never thought it.
* * * * *
I never thought about it. I never thought of trying it for my finger. I had no fear of the grinder, you see. The fine cutter plate, which I had used over the years, I don't know how many years, but this cutter plate had (38) just been something that was down in the cabinet where I kept the grinder, and I just thought this one time I would use it.

Q. You had never tried—again, you had never tried testing, putting your finger in the hole?

A. Never. I never thought of doing it.

Q. And at that point of time, the point where you put the coarse cutter plate in, started to use it, did you think that this grinder was safe if you followed the instructions given in the booklet?

A. I surely did. I had never had any reason to think otherwise.

Q. And did you follow the instructions given in the booklet, pamphlet, in operating the grinder with the coarse cutter plate?

A. Well, there were no directions about the coarse cutter plate. There was nothing that said, "beware of large holes in the cutter plate."

Q. Did you follow the other directions for use of the grinder, the general directions in using it on that occasion?

A. I followed the rules, every other rule; there were no different rules.

Q. Did you follow them this time?

A. Yes, I did.

the words of the Michigan Supreme Court, "a shock to whatever conscience an appellate court * * * is supposed to have." Normand v. Thomas Theatre Corp., 349 Mich. 50, 62, 84 N.W.2d 451, 457 (1957). See also Gault v. Poor Sisters of St. Frances Seraph of the Perpetual Adoration, Inc., 375 F.2d 539, 547–548 (6th Cir.1967). As the District Judge noted, Mrs. DePree suffered severe pain and disfigurement. Before her accident she had been a pianist of professional competence and had been a successful piano teacher and accompanist. Afterwards she was no longer able to play the piano, and her ability to teach was severely diminished. Just as the trier of fact enjoys an advantage over the appellate court in assessing the credibility of witnesses, so does he also in assessing damages when, in addition to physical injury and attendant pain and suffering, there is disfigurement which may affect a plaintiff's capacity to continue a pattern of living. We see no reason to disturb the award made below.

The judgment of the District Court is affirmed.