## MARIETTA v. CLIFFS RIDGE, INC.

1. NEGLIGENCE — SKIING — GATE MARKER — MAPLE SAPLING POLE — QUESTION OF FACT.

   Negligence by owner of ski lodge in using a 1-1/2 inch thick maple sapling pole, which could impale a human body if dislodged and struck by a skier, as a gate marker on a slalom course instead of using bamboo poles which could splinter when struck and not impale a skier, is a question of fact for jury determination.

2. NEGLIGENCE—STANDARD OF CARE—EVIDENCE—SUFFICIENCY—JUDGMENT NOTWITHSTANDING THE VERDICT.

   Evidence that several of defendant's witnesses had used, or had noticed the use of, maple sapling poles as markers on ski practice runs at nearby ski areas was not sufficient evidence that defendant ski area operator had exercised a degree of care equal to the average in the business to justify a judgment notwithstanding the verdict for plaintiff where one issue of negligence was whether defendant should have used bamboo marker poles which could have splintered when struck instead of maple sapling pole which impaled plaintiff when he struck it.

3. NEGLIGENCE—PROXIMATE CAUSE—FORESEEABILITY—QUESTION FOR JURY.

   Difference of opinion on how reasonable men would act presents an issue for determination by jury in determining such issues as negligence, proximate cause, and foreseeability.

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 October 6, 1969, at Marquette. (Docket No. 6,308.)   Decided December 4, 1969.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 38 Am Jur, Negligence §§ 344-361.

Leave to appeal granted February 17, 1970. See 383 Mich 767.

Complaint by Neil J. Marietta and James Marietta against Cliffs Ridge, Inc., for damages resulting from an injury sustained while slalom skiing at defendant's ski area. Judgment for defendant notwithstanding a verdict for plaintiff. Plaintiff appeals. Reversed and remanded.

*Wisti, Jaaskelainen & Bourland,* for plaintiff.

*Baldwin, Kendricks and Bordeau,* for defendant.

Before: R. B. Burns, P. J., and Holbrook and Levin, JJ.

R. B. Burns, P. J. Plaintiff Neil Marietta, then a minor, was injured while slalom skiing at defendant's ski area. Plaintiff was turning through the last gate of the slalom course when his body struck a 1-1/2 inch thick maple sapling pole painted red and used as a gate marker. The pole flipped over, its top becoming imbedded in the snow and its sharpened pointed base impaling plaintiff through his groin and abdominal region.

Plaintiffs claimed that defendant was negligent in using, or permitting to be used, such a sapling pole because defendant knew, or should have known, that a pole of a 1-1/2 inch diameter and a pointed end would be apt to be stiff and able to penetrate the body; that defendant was negligent in failing to use bamboo poles which would have splintered when struck and would not have caused the kind of injury sustained.

After the close of proofs defendant moved for a directed verdict. The court denied the motion and

submitted the case to the jury. The jury returned a verdict for the plaintiff. Defendant then moved for a judgment notwithstanding the verdict, claiming there was no evidence of negligence to be submitted to the jury. GCR 1963, 515.2. The trial court granted the motion, stating in its opinion that "the testimony is ample and uniform to the effect that the defendant complied with a degree of care equal to the average in the trade or industry in which it was engaged and therefore there was no negligence as a matter of law on its part".

We do not find upon a review of the record that the evidence was ample and uniform to the extent necessary to justify the trial court's finding. The testimony showed that several of defendant's witnesses had used, or noticed the use of, sapling poles for practice runs at nearby ski areas. We do not find support for the trial court's finding in the cases relied upon by it.

True, the language in *Cheli v. Cudahy Brothers Co.* (1934), 267 Mich 690, literally states that no one is held to a higher standard than the average of the trade or business in which engaged. However, the case must be examined in its factual context. *Cheli* was concerned with the liability of a meat packer for a death that resulted from eating raw pork infected with trichinae. It was established at trial that there was "no known, practicable, or feasible method" of determining whether hogs were infected with trichinae; that the defendant followed all the ordinary, usual and reasonable steps used by the meat packing industry in preparing fresh pork; and that these steps measured up to the standard required by the federal government. The court found that "every reasonable means designed to guarantee the safety of food for normal use has been employed".

*Barton* v. *Myers* (1965), 1 Mich App 460, also relied on by the trial court, cited *Cheli, supra,*. as authority and involved the warning label on a can containing an inflammable mixture. The letters in the warning: "Caution—Inflammable Mixture—Do not use near fire or flame" were approximately 1/4 inch in height and complied with the industry standard. Judge QUINN, the author of the opinion, said later, in the case of *Witt* v. *Chrysler Corporation* (1969), 15 Mich App 576, 583:

"*Barton, supra,* involves warning, not testing and inspection, and the warning was given in print of a reasonable size. On the facts of *Barton,* the 'higher degree of care than the average in the industry' language may not have been inappropriate, but it certainly is not authority for defendant's claim that it is held to no higher degree of care than the average in the industry. To adopt this view would permit the industry to set its own standard of care."

And see Justice T. G. KAVANAGH's concurring opinion in *Barton, supra.*

We do not feel that *Cheli* or *Barton* require affirmance in the present instance. Taking the view of the evidence most favorable to the plaintiff we find competent evidence in the record which supports the jury verdict. It cannot be said from the record that it was not established that thick poles with pointed ends could be dangerous or that the use of bamboo poles was not a "known, practicable, or feasible method" to reduce the danger to a slalom skier. As we said in *Wamser* v. *N. J. Westra & Sons, Inc.* (1967), 9 Mich App 89, 96:

"Very often men differ on how a reasonable man would act in determining such issues as negligence, proximate cause and foreseeability. This is one of those cases. The jury is the most appropriate institution known in our legal system to answer the

difficult and essentially factual question of how a reasonable man would act under the circumstances. The jury in this case reached its unanimous verdict based upon competent evidence. That verdict should have been permitted to stand."

Reversed and remanded for entry of judgment on the jury verdict. Costs to appellant.

All concurred.