### KREINER *v.* YEZDBICK

1. MOTIONS—MOTION FOR SUMMARY JUDGMENT.

A party moving for summary judgment concedes as true, for purposes of his motion, all that the opposing party may rightfully claim from the evidence and the court, in consideration of that motion, must assume that the opposing party's facts are true (GCR 1963, 117).

2. LANDLORD AND TENANT—INVITEE—DEATH—NEGLIGENCE—PUBLIC RESORT—DUTY OF CARE.

Defendant trailer park owners had a duty to maintain safe swimming conditions in a lake encompassed by their property which their tenants and their invitees used for swimming because it was obvious that the lake was a primary attraction to defendants' property rather than a mere coincidental feature.

3. NEGLIGENCE—TRAILER PARK—INVITEES—PUBLIC RESORTS—DUTY OF CARE.

Keepers of public resorts are not insurers against all possible injury to invitees but they do have a duty, however, to see that their resort is reasonably safe.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading §§ 340–343.
[2–6] 49 Am Jur 2d, Landlord and Tenant § 982 *et seq.*
Liability of hotel, motel, summer resort, or private membership club or association operating swimming pool, for injury or death of guest or member, or of member's guest. 1 ALR3d 963.
[7] 4 Am Jur 2d, Amusements and Exhibitions § 84.

4. LANDLORD AND TENANT—TENANTS—INVITEES—SWIMMING FACILI-
TIES—LANDLORD'S DUTY OF CARE.

   Plaintiff's decedent, as a social guest of a tenant in defendants'
   trailer park was an invitee to whom defendants owed the
   obligation of reasonable care to protect him from harm in
   the use of swimming facilities which defendants offered for
   the use of their tenants.

5. NEGLIGENCE—DUTY OF CARE—QUESTION FOR JURY.

   Determination of negligence is a question for the jury unless
   the trial court properly can say that all reasonable men could
   agree from the undisputed evidentiary facts that there was
   or was not negligence.

6. LANDLORD AND TENANT—INVITEES—NEGLIGENCE—DUTY OF CARE—
QUESTION FOR JURY.

   Whether defendant trailer park owners were negligent in fail-
   ing to maintain adequate lifesaving facilities for a lake
   encompassed by their property and used by their tenants and
   invitees for swimming was a question for the jury where
   reasonable men might have concluded that defendants were
   negligent in failing to maintain their facilities and that this
   negligence was the proximate cause of the drowning of plain-
   tiff's decedent.

7. NEGLIGENCE—PROPRIETORS OF BATHING RESORTS—STANDARD OF
CARE.

   Proprietors of bathing resorts, in fulfilment of the general
   duty of reasonable care, have a specific duty to have suitable
   persons in attendance and the necessary appliances on hand
   so that bathers may be properly supervised and rescued if
   necessary.

Appeal from Oakland, William John Beer, J.
Submitted Division 2 December 2, 1969, at Lansing.
(Docket No. 6,866.)  Decided March 25, 1970.  Leave
to appeal denied May 20, 1970.  383 Mich 784.

Complaint by Earl Kreiner, administrator of the
estate of Leslie Kreiner, deceased, against Joseph
Yezdbick and Louis Yezdbick, doing business as the
Parkhurst Mobile Home Park and Parkhurst Trailer
Court and Sales, Inc., a Michigan corporation, to
recover for the wrongful death of plaintiff's dece-

dent. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Richard B. Kramer (Marvin L. Berris,* of counsel), for defendants.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

T. M. BURNS, J. The plaintiff brought this action under the Wrongful Death Act, MCLA § 600.2922 (Stat Ann 1969 Cum Supp § 27A.2922). The plaintiff, father of the deceased 16-year-old boy, as administrator seeks to recover for deprivation of mutual society, companionship and support of the deceased; and also in his own right for the ambulance, funeral, and burial expenses incurred by him as the result of his son's death. The total damages claimed by the plaintiff for all items is $10,000.

The plaintiff appeals the trial court's granting of defendants' motion for summary judgment under GCR 1963, 117.

When defendant makes such a motion, he concedes as true for the purposes of his motion all that the plaintiff may rightfully claim from the evidence. *Murphy* v. *Roux* (1958), 352 Mich 97, 102. The facts as stated by the plaintiff in his memorandum in opposition to the motion for summary judgment, which the trial court must assume to be true in its consideration of the motion, were:

"Leslie Kreiner had been a guest of his sister who rented a space at defendants' trailer park in 1966. The defendants possessed a large trailer park with a lake and swimming facilities enclosed. On June 30, 1966, Leslie Kreiner went to the lake for a swim;

he swam out to a raft which was not anchored and was in the company of two other residents of the trailer park. The raft drifted out into deep water and the other two parties, the Sterns, jumped off the raft. The deceased had appeared a little frightened about swimming back. After the Sterns had departed from the raft, they heard a splash and upon looking around, they saw the Kreiner boy in the water. He was 16 years old at the time. After swimming for a ways he appeared to be in trouble and both Mr. and Mrs. Stern went back to assist him. Mr. Stern had almost reached the shore prior to the time that the drowning began.

"They both struggled to assist the boy for a considerable period of time (Mrs. Stern testified from 20–45 minutes), but eventually the boy drowned. The Sterns testified that no one from the shore rendered any assistance to the boy during this period and that there were neither lifeguards nor lifesaving equipment on the shore. Neither Mr. nor Mrs. Stern had any lifesaving training. After the struggle was over, another resident jumped in the lake from the shore and attempted to assist. Shortly thereafter the fire department brought out a motor launch but it was too late. Kreiner has brought suit against the defendants based on their failure to supply lifeguards, lifesaving equipment and for failure to anchor the raft."

Given these facts, the trial court said in granting the defendants' motion for summary judgment:

"I have read the briefs and the pleadings and, of course, I have read the pertinent part of the depositions.

"We have here a trailer park. And on this trailer park, there is a place where the occupants of the trailer park may go swimming.

"The decedent was a teen-aged person who knew how to swim; that is evident. In fact, it is evident that he swam out to the raft in this pool, which in a

sense is a natural pool. After being there for a while and in fact having clambered on the raft [*sic*]. And it is true, factually, that the raft was untethered. The group started to swim back and the decedent—one of those things that is so difficult to understand, whether by cramp or otherwise, no one will ever know—he couldn't make it back. There was even an attempt at assistance on the part of the ones swimming with him. He drowned.

"And, as I said, this teen-aged person was a guest of a registered trailer park occupant.

"Now, I know of no statute, I know of no law that gives rise to a duty on the part of the trailer park owner to supply lifeguards and to have tethered the raft or to have put up a high fence. In fact, the high fence idea would be almost ridiculous with this teen-aged person.

"I fail to see any liability here as a matter of law. And I have looked for it conscientiously, having in mind that this is the defendants' motion. I am also reluctant because human life was lost. But every incident in human life, no matter how sad or how distressing, does not give rise to a cause of action.

"Therefore, once again, your motion is granted."

The issue before this Court is whether the trial judge erred in not submitting the question of defendants' alleged negligence in not having lifeguards or lifesaving equipment such as flotation rings on hand and in not having the raft secured so that it could not be untied, to a jury for determination.

The defendants assert that *Glesner* v. *Jones* (1962), 368 Mich 510, is almost identical to the case at bar and "flies in the face of the cases cited by plaintiff" and that "the case of *Glesner, supra,* clearly establishes that the cases cited by plaintiff are not the law in the State of Michigan." The defendants further assert that they "were not oper-

ating a bathing resort or swimming pool under any stretch of the imagination."

Having examined the *Glesner* case with great care, we find that it does not support defendants' assertion, nor does it "fly in the face" of *Schweitzer* v. *Gilmore* (CA 2, 1958), 251 F2d 171, or the other cases relied on by the plaintiff. In *Glesner,* an action was brought on the basis of a resort operator's alleged negligence in failure to post signs warning that the water around his dock was not deep enough for diving. The plaintiff in *Glesner* stated at trial, however, that even if such signs had been posted, he would have made his dive as he knew how deep the water was and had decided that he was a sufficiently experienced diver to clear the bottom.

As to defendants' assertion that they are not operating a bathing resort or swimming pool by any "stretch of the imagination", we find it impossible to believe the location they chose for their trailer park just happened to have a small lake completely enclosed upon it. We find that any attempt to distinguish the defendants' lake resort trailer park from a hotel or other similar public resort in this regard would verge on ridiculous. It seems quite obvious that the private lake on defendants' property was its primary attraction rather than some mere coincidental feature as defendants would have us believe.

The defendants are not and should not be considered to be insurers against all possible injury as the keepers of a place of public resort. They had a duty, however, to see to it that such place was reasonably safe. *Gray* v. *Briggs* (1932), 259 Mich 440; *Mikulski* v. *Morgan* (1934), 268 Mich 314. See *Marietta* v. *Cliffs Ridge, Inc.* (1969), 20 Mich App 449.

The obligation owed to the plaintiff's decedent was the same obligation owed to all the persons who were

actual tenants, at least, as regards the use of the swimming facilities which defendants offered for their use.

The plaintiff's decedent as the social guest of a tenant in defendants' trailer park was an invitee to whom defendants owed the obligation of reasonable care. See also *Blakeley* v. *White Star Line* (1908), 154 Mich 635; *Torma* v. *Montgomery Ward & Company* (1953), 336 Mich 468; *Kroll* v. *Katz* (1965), 374 Mich 364, 371; *Chamberlain* v. *Haanpaa* (1965), 1 Mich App 303; *Genesee Merchants Bank & Trust Company* v. *Payne* (1967), 6 Mich App 204.

Since the plaintiff's decedent was an invitee, defendants, as the operators of the resort, were under an obligation to use reasonable care to protect him from harm. *Gray* v. *Briggs, supra.* See *Bartley* v. *Chiders* (Ky, 1968) 433 SW2d 130, 134; *McKeever* v. *Phoenix Jewish Comm. Center* (1962), 92 Ariz 121, (374 P2d 875; 1 ALR3d 957) ; *Tucker* v. *Dixon* (1960), 144 Colo 79 (355 P2d 79) ; *Perkins* v. *Byrnes* (1954), 364 Mo 849 (269 SW2d 52, 48 ALR2d 197) ; *Rovengo* v. *San Jose Knights of Columbus Hall Ass'n, et. al.* (1930), 108 Cal App 591 (291 P 848).

Whether this obligation has been fulfilled is a question for a jury, not for the trial judge. *Keating* v. *Jones Development of Missouri, Inc.* (CA 5, 1969), 398 F2d 1011; *Schweitzer, supra.* For as the court said in *Keating, supra,* at p 1015:

"Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation. Swimming pool accidents provide no exception. Judges can claim no special competence to pass upon the safeguards appropriate to swimming pools."

Yet, we need not go outside this jurisdiction for support of our finding that the trial court erred. In

*Miller* v. *Miller* (1964), 373 Mich 519, our own Supreme Court (in part quoting from Justice COOLEY's opinion in *Detroit & Milwaukee Railroad Co.* v. *Van Steinburg* (1868), 17 Mich 99, 118, 119) said:

" 'Negligence, as I understand it, consists in a want of that reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances, in view of the probable danger of injury. The injury [*sic:* inquiry (?)] is, therefore, one which must take into consideration all these circumstances, and it must measure the prudence of the party's conduct by a standard of behavior likely to have been adopted by other persons of common prudence.'

"Unless a judge properly can say that all reasonable men would agree from the undisputed evidentiary facts that there was or was not negligence the issue must be submitted for jury determination (*Grand Trunk Railroad Co.* v. *Ives* [1892], 144 US 408, 417 [12 S Ct 679; 36 L Ed 485]), and judgment under the provisions of GCR 1963, 117.2(3) must be denied. It should have been denied in this case." *Miller* v. *Miller,* 373 Mich 519, 525.

Certainly reasonable men might have concluded after a careful examination of all the facts that defendants were negligent in failing to maintain their facilities so that plaintiff's decedent, who was struggling in the water for between 20 and 45 minutes, might have been saved from drowning, and that their negligence was therefore the proximate cause of the plaintiff's loss.

Upon remand in consideration of all the circumstances and the measure of prudence expected of such persons as defendants, we refer to Dean Prosser's book on Torts (3rd ed, Ch 7, § 41) wherein he says on page 246:

"When a child is drowned in a swimming pool, no one can say with certainty that a lifeguard would

have saved him, but experience of the community permits the conclusion that the absence of a lifeguard played a significant part in the drowning."

We do not by remanding find that defendants' negligence, if any, was the proximate cause of plaintiff's decedent's demise. The jury, after a full consideration of all relevant evidence may, as the jury in *Schweitzer, supra,* did, find that defendants' failure to provide lifesaving equipment or lifeguard, or the manner of mooring the raft was not causative negligence. However, upon remand the trial judge should submit the question to a jury under a charge similar to the one upheld in *Gluckauf* v. *Pine Lake Beach Club, Inc.* (1963), 78 NJ Super 8 (187 A2d 357). We agree with the *Gluckauf* court's holding that the proprietors, such as defendants, of bathing resorts, " * * * in fulfilment of that general duty of reasonable care, have the specific duty of having suitable persons in attendance and necessary appliances on hand so that bathers, who might get into danger because of deep water, may be properly supervised and effectively rescued, if the need arises." *Gluckauf, supra,* pp 26, 27.

Having found that the trial judge erred in granting defendants' motion for summary judgment on the question of defendants' duty of care, we remand for trial on that question and the corollary proposition of plaintiff's decedent's possible contributory negligence.

Reversed and remanded. Costs to plaintiff.

All concurred.