313 F.2d 202
 William GLOBIG, Jr., Plaintiff-Appellee,
v.
BURTON PLUMBING-HEATING CO., Inc., Defendant and Third-Party Plaintiff-Appellant, and
Greene & Gust Co., Defendant-Appellee, ARMSTRONG CORK COMPANY, Third-Party Defendant-Appellee.
William GLOBIG, Jr., Plaintiff-Appellee,
v.
GREENE & GUST CO., Defendant-Appellant.
William GLOBIG, Jr., Plaintiff-Appellee,
v.
BURTON PLUMBING-HEATING CO., Inc., Defendant and Third-Party Plaintiff-Appellee,
Greene & Gust Co., Defendant-Appellee, and
UNITED STATES of America, Third-Party Defendant-Appellant.
 Nos. 13753-13755.
 United States Court of Appeals Seventh Circuit.
 February 11, 1963.
 
 Jack R. Wiedabach, Milwaukee, Wis., for Burton Plumbing-Heating Co., Wake, Prosser, Zimmerman & Quale, Milwaukee, Wis., of counsel.
 Suel O. Arnold, Milwaukee, Wis., for Greene & Gust Co., Arnold, Murray & O'Neill, Milwaukee, Wis., of counsel.
 Sherman L. Cohn, Dept. of Justice, Washington, D. C., for U.S.
 Albert J. Goldberg, Milwaukee, Wis., for appellee, Goldberg, Previant & Uelmen, Milwaukee, Wis., of counsel. George D. Young, Milwaukee, Wis., for Armstrong Cork Co.
 Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 These appeals involve a diversity action[1] for the recovery of damages for personal injuries, and certain claims for contribution and indemnification arising therein. Liability for the personal injuries is predicated upon negligence in violating the Wisconsin safe place statute (Section 101.06, Wis. Stats.). The opinion of the District Court is reported as Globig v. Greene & Gust Co., 201 F.Supp. 945 (E.D.Wis.1962).
 
 
 2
 The plaintiff, Globig, an insulator in the employ of a sub-contractor, Armstrong Cork Company, was injured when he fell between the attic floor joists in a building under remodeling and through the plasterboard affixed to the lower surfaces of the joists as the ceiling of the room below. The pertinent facts are fully set forth in the opinion of the District Court.
 
 
 3
 The main contested issue on appeal is whether the District Court erred in finding and concluding that there was a failure to furnish a reasonably safe place of employment in violation of the standard of care imposed by the Wisconsin statute by not providing adequate flooring and lighting in the attic of the building being remodeled. Other subsidiary issues include whether there was reversible error in the assessment of comparative negligence, in the findings and conclusions concerning contribution and indemnification, and whether the damages awarded are excessive.
 
 
 4
 From our examination of the record we conclude that the factual findings made by the District Court are supported by substantial evidence. We have considered all of the contentions upon which a right to reversal is predicated but on none of the issues do we find merit in any of those contentions.
 
 
 5
 In so far as appellants contend that the District Court viewed the Wisconsin statute and implementing Orders of the Wisconsin Industrial Commission as requiring that a permanent or temporary flooring be laid to cover the entire attic area we are convinced that they mis-read the court's opinion. We do not read the findings and conclusions embodied in the District Court's opinion as holding that either Section 101.06 of the Wisconsin statute or Order No. 35.27 of the Wisconsin Industrial Commission makes any such requirement. On this phase of the matter it is clear that the District Court's opinion holds only that the two-plank cat-walk and the odd pieces of plywood of varying size placed at undisclosed locations did not, under the facts and circumstances involved, meet the standard of care required by the statute.
 
 
 6
 We adopt the well-reasoned opinion of the learned district judge and affirm the judgment of the District Court in all respects.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Jurisdiction of the claim asserted against the United States as the owner of the building rests on the Tort Claims Act. 28 U.S.C.A. § 1346(b)