NANASI v GENERAL MOTORS CORPORATION

1. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY—THIRD-PARTY AC-
   TIONS—CONTRIBUTION.

   Recovery of compensation benefits under the Workmen's Compen-
   sation Act is the exclusive remedy of an employee against his
   employer, and the exclusivity provision of the act also prevents
   maintenance of a third-party action against the employer if the
   sole basis for the relief sought is the theory of common-law
   contribution (MCLA 418.131).

2. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY—INDEMNITY—
   PLEADING—THIRD-PARTY ACTIONS.

   An employer can be joined as a third-party defendant on an
   indemnity theory in an action by an employee against the
   owner of the property where the employee was injured while
   on the job, the general contractor, and the project designer,
   without disturbing the exclusive remedy clause of the Work-
   men's Compensation Act (MCLA 418.131).

3. WORKMEN'S COMPENSATION—NEGLIGENCE—PLEADING—CONTRIBU-
   TION—INDEMNITY.

   An employer carrying workmen's compensation may not be
   joined in a third-party complaint averring negligence where the
   only basis alleged for recovery is contribution among joint
   tortfeasors; but the employer may be joined in a third-party
   complaint averring negligence where indemnity is alleged as an
   independent basis of recovery and where the negligence of the
   employer is relevant and possibly controlling.

4. NEGLIGENCE—PLEADING—INDEMNITY—THIRD-PARTY ACTIONS.

   An allegation of negligence in a third-party complaint by the
   owner of property and a general contractor against a construc-
   tion contractor who was the employer and whose employee was
   killed on the job is proper where the plaintiff alleged negli-

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 58 Am Jur, Workmen's Compensation §§ 65, 66.
[5] 57 Am Jur 2d, Negligence §§ 4, 11, 12.
[6, 7] 57 Am Jur 2d, Negligence § 21.
[8] 75 Am Jur 2d, Trial §§ 7–24.

gence on the part of those defendants in failing to adequately supervise the construction project and those defendants claim they are entitled to indemnity from the employer; the third parties must be allowed to plead facts and conclusions which can be used to prove their indemnity claims.

5. NEGLIGENCE—PLEADING—INDEMNITY—FREEDOM FROM FAULT—ALTERNATE BASIS FOR INDEMNITY—PASSIVE NEGLIGENCE—VICARIOUS LIABILITY.

A party alleging common-law indemnity must plead and prove freedom from fault, and third-party plaintiffs have adequately pled such freedom from active, causal negligence where they have limited admissions in their complaints to "passive negligence", asserted vicarious liability as a basis for recovery against the third-party defendant thus implying a claim of freedom from negligence, explicitly denied the negligence attributed to them by the primary plaintiff, and have pled an alternate contractual basis for indemnity as to which allegations of freedom from fault are not a pleading requirement.

6. NEGLIGENCE—INDEMNITY—CONTRACTUAL INDEMNITY—PUBLIC POLICY—STATUTES.

Contractual indemnity is available for an indemnitee's negligence only if the contract clearly and unmistakably provides for such a result, and even in such a case the indemnitor will not be liable under that contract, as a matter of public policy, unless the indemnitor is also negligent (MCLA 691.991).

7. CONTRACTS—INDEMNITY—NEGLIGENCE—ENFORCEMENT—VALIDITY—QUESTION OF FACT.

The questions of whether certain contracts are contracts of indemnity, whether their terms may be enforced, whether they clearly and unmistakably provide indemnity for a party's negligence and whether they are in accordance with statute, are questions which must be reserved for the trier of fact.

8. TRIAL—SEPARATE TRIALS—IDENTITY OF ISSUES—IDENTITY OF PARTIES—IDENTITY OF PROOFS—DELAY.

The necessity for separate trials is not shown in actions by a plaintiff against defendants and the defendants' third-party actions against a third-party defendant where the issues are interwoven, the parties, witnesses and proofs are nearly identical, and there is concern that separate trials would further delay an already much prolonged lawsuit.

Appeal from Wayne, Nathan J. Kaufman, J.

Submitted Division 1 June 6, 1974, at Detroit. (Docket No. 17948.) Decided November 26, 1974. Leave to appeal applied for.

Complaint by Betty Jane Nanasi, administratrix of the estate of Paul Nanasi, deceased, against General Motors Corporation, Huber, Hunt & Nichols, Inc., Albert Kahn Associated Architects & Engineers, Inc., and Bethlehem Steel Corporation for damages for wrongful death. Summary judgment for Bethlehem Steel Corporation on the basis of workmen's compensation immunity. Defendants General Motors Corporation and Huber, Hunt & Nichols, Inc. filed third-party complaints against Bethlehem for indemnity. From denial of its new motion for summary judgment and, in the alternative, for separate trial of the third-party action, Bethlehem appeals by leave granted. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pederson* (by *Jeannette A. Paskin),* for General Motors Corporation.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch* (by *Randall H. Bryant),* for Huber, Hunt & Nichols, Inc.

*Dickinson, Wright, McKean & Cudlip* (by *Robert S. Krause),* for Bethlehem Steel Corporation.

Before: BRONSON, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Bronson, P. J. Third-party defendant, Bethlehem Steel Corporation (hereinafter Bethlehem), is here appealing, on leave granted, the denial of two pretrial motions it filed in this wrongful death action.

Plaintiff, Betty Jane Nanasi, is the administratrix of the estate of Paul Nanasi, deceased, a former employee of Bethlehem. Nanasi was killed on the job February 15, 1965, and Bethlehem has paid workmen's compensation benefits.

This action was filed in Wayne County Circuit Court on February 17, 1966 against defendant-appellee, General Motors Corporation (hereinafter GM), the owner and operator of the manufacturing plant at which Bethlehem was undertaking a construction project. Pursuant to a stipulation between plaintiff and GM, the complaint was amended on March 4, 1968 to join as parties defendant: Huber, Hunt & Nichols, Inc. (hereinafter Huber, Hunt), the general contractor on the construction project; Albert Kahn, Associated Architects & Engineers, Inc. (hereinafter Kahn), the supervising architect of the project; and Bethlehem.

A motion by Bethlehem for summary judgment on the basis of workmen's compensation immunity[1] was granted by the trial judge on June 5, 1970, eliminating Bethlehem as a primary defendant. On the same day the court granted motions by Huber, Hunt and GM for leave to file third-party complaints against Bethlehem, alleging common-law and contractual indemnity.

Bethlehem responded by moving for summary judgment on the third-party complaints. In the alternative, Bethlehem prayed for separate trial of

[1] MCLA 411.4; MSA 17.144 (Workmen's Compensation Act then in effect).

the third-party action. Both motions were denied[2] on July 20, 1973 and formed the basis for this appeal. For convenience, we will treat each motion separately.

### I.

In its motion for summary judgment Bethlehem maintains that neither third-party complaint states a claim upon which relief can be granted.[3] Several grounds are advanced in support of this position. To unravel the procedural tangle created in these proceedings, we must briefly resort to preliminary stage-setting.

As Nanasi's employer, Bethlehem enjoys the protection of the Workmen's Compensation Act's exclusivity provision:

"[T]he right to the recovery of compensation benefits * * * shall be the exclusive remedy against the employer." MCLA 411.4; MSA 17.144, now MCLA 418.131; MSA 17.237(131).

The protection afforded was comprehensive enough to warrant dismissal of plaintiff's complaint against Bethlehem as a primary defendant. *See Maiuri v Sinacola Construction Co,* 382 Mich 391, 394; 170 NW2d 27 (1969). It would also prevent maintenance of a third-party action against Bethlehem if the theory of common-law contribution was the sole basis for the relief sought. *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965). It is now clear, however, that an employer

---

[2] Although the decision on the motion for separate trial provides for a separate trial in the event the third-party action is tried by the court, it is apparent at this point that if the third-party complaints go to trial, it will be by jury. The motion for separate trial has therefore been denied for purposes of this appeal.

[3] GCR 1963, 117.2(1).

can be joined as a third-party defendant on an indemnity theory, without disturbing the exclusive remedy clause of the Workmen's Compensation Act. *McLouth Steel Corp v A. E. Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973), *lv den,* 391 Mich 754 (1973).

Bethlehem argues that the third-party complaints filed against it have been improperly drawn. Because we are reviewing only the pleadings here, our discussion will necessarily ignore those questions which must await trial for appropriate resolution, *e.g.,* disputed questions of fact. *See White v McLouth Steel Corp,* 18 Mich App 688, 691; 171 NW2d 662 (1969). We decide on this appeal only whether GM and Huber, Hunt should be allowed to go to trial on their third-party complaints as filed.

Both third-party complaints allege that Bethlehem's negligence was responsible for Nanasi's death. Bethlehem insists that negligence cannot be averred, as a matter of law, in a third-party complaint against an employer carrying workmen's compensation, on the authority of *Estate of Clark,* 33 Mich App 395, 407–408; 190 NW2d 373, 379 (1971), *rev'd on other grounds,* 388 Mich 637; 202 NW2d 300 (1972). Bethlehem reads *Clark* for more than it is worth. In *Clark,* as in *Husted, supra,* and *Vannoy v City of Warren,* 15 Mich App 158; 166 NW2d 486 (1968), also cited by Bethlehem, the only basis alleged for recovery by the third-party plaintiff was contribution among joint tortfeasors. Since that theory of recovery had been foreclosed by *Husted, supra,* the negligence of the third-party defendant employers in *Clark* and *Vannoy* was irrelevant and properly excluded. Here, however, there is an independent basis of recovery—indemnity—as to which the negligence of Bethlehem as

employer is not only relevant, but possibly controlling.

One theory of indemnity offered by third-party plaintiffs is grounded in vicarious liability. They allege that any liability they incur to plaintiff Nanasi "would be vicarious in nature". Plaintiff Nanasi's complaint is indeed susceptible, resolving doubts in favor of GM and Huber, Hunt, to a reading which includes as a theory of recovery liability for maintaining and conducting inherently dangerous activities. Thus, GM might be held vicariously liable for the death as an owner of property who allowed inherently dangerous activities to be conducted on its premises and Huber, Hunt might be held vicariously liable for allowing, as general contractor, inherently dangerous activities to be engaged in by persons under its control. See, generally, *McDonough v General Motors Corp,* 388 Mich 430; 201 NW2d 609 (1972); *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974). On that theory, plaintiff would have to show that GM and Huber, Hunt were negligent. On first blush it might appear that Bethlehem's negligence would be irrelevant to such a showing. However, plaintiff alleges, *inter alia,* that GM and Huber, Hunt were negligent in failing to adequately supervise the project. In order to substantiate this claim, Bethlehem's negligence is of prime concern, because one way to show that primary defendants GM and Huber, Hunt failed to adequately supervise the project would be to show what Bethlehem and its employees were allowed to do, *i.e.,* negligently cause decedent's death.

GM and Huber, Hunt must be allowed to plead facts and conclusions which can be used to prove their indemnity claims. Therefore, it was not error to permit the allegation of negligence in the third-party complaint.

Bethlehem next contends that the third-party complaints failed to properly plead freedom from fault, a necessary ingredient to any common-law indemnity claim. It is true that one alleging common-law indemnity must plead and prove freedom from fault. *Husted, supra; Indemnity Insurance Co of North America v Otis Elevator Co,* 315 Mich 393, 397–398; 24 NW2d 104 (1946). However, the negligence that is of concern here, and that which third-party plaintiffs must demonstrate freedom from, is active, causal negligence—the kind of negligence which was allegedly a proximate cause of Nanasi's death. *McLouth Steel Corp v A. E. Anderson Construction Corp, supra,* at 430–431.

The third-party plaintiffs have not admitted active negligence in their complaints. Rather, they have limited such admissions to "passive negligence", exclusively denying active fault. They have also asserted vicarious liability as a basis for recovery against Bethlehem, raising an implication—which we must draw in interpreting the pleadings in their favor—that they claim freedom from negligence. This implication is bolstered by the fact that both third-party plaintiffs, in answering the primary complaint, explicitly deny the negligence attributed to them by plaintiff. Finally, GM and Huber, Hunt have pled an alternative contractual basis for indemnity as to which allegations of freedom from fault are not a pleading requirement. *Chrysler Corp v Budd Co,* 15 Mich App 634; 167 NW2d 105 (1969); MCLA 691.991; MSA 26.1146(1). We hold, after a careful reading of the third-party complaints, that GM and Huber, Hunt have adequately pled freedom from negligence. GCR 1963, 111.1.

Bethlehem also maintains that the third-party complaints must be dismissed because of primary

plaintiff's failure to plead the theory on which GM and Huber, Hunt assert indemnity, namely, vicarious liability. Bethlehem argues that GM and Huber, Hunt cannot allege that they will be held vicariously liable to plaintiff if plaintiff has not sued on that theory. Assuming *arguendo* the validity of the argument, we are convinced that plaintiff has adequately pled vicarious liability.

Plaintiff clearly alleges in her amended complaint that the activities which caused decedent's injuries were inherently dangerous. She alleges negligence on the part of both GM and Huber, Hunt and claims that this negligence proximately caused Nanasi's death. Although the magic words "vicarious liability" are absent, plaintiff has adequately pled the existence and causal nature of inherently dangerous activities sufficient to establish, if proven at trial, vicarious liability as that theory has been enunciated in *McDonough, supra,* and *Funk, supra.* See, *Yoakum v Practical Home Builders, Inc,* 55 Mich App 384; 222 NW2d 251 (1974).

Bethlehem next argues that third-party plaintiffs are not entitled, as a matter of law, to indemnity on the basis of contract. Bethlehem maintains that contractual indemnity is available for the *indemnitees'* (here GM and Huber, Hunt) negligence only if the contract clearly and unmistakably provides for such result. With that principle of law, we have no quarrel. See *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966); *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966). Even if the contract clearly provides for an indemnity for the indemnitees' negligence, the indemnitor (Bethlehem) will not be liable under that contract, as a matter of public policy, unless it is also negligent.

MCLA 691.991; MSA 26.1146(1). This statute forbids contracts seeking to protect an indemnitee from his *sole* negligence.

We need not reproduce pertinent portions of the contracts here. Suffice it to say that there is some question whether they are contracts of indemnity, whether GM may enforce the terms—whatever they may be—against Bethlehem, whether the contracts "clearly and unmistakably" provide indemnity for third-party plaintiffs' negligence[4] or whether the contract is in accordance with the statute. The trial judge was correct in concluding that these questions must be reserved for the trier of fact.

Lastly, Bethlehem argues that, read as a whole, the third-party complaints are really based on a contribution among joint tortfeasors' theory and thus barred by *Husted.* The short answer to this claim is that, viewed in a light most favorable to third-party plaintiffs, GM and Huber, Hunt have pled an indemnity theory independent of the plaintiffs' primary complaint and consistent with the Workmen's Compensation Act. Both contractual agreement, *Ryan Stevedoring Co, Inc v Pan-Atlantic Steamship Corp,* 350 US 124; 76 S Ct 232; 100 L Ed 133 (1956), and common-law indemnity, *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972), provide avenues for recovery against employers, even in the face of the exclusivity provision of MCLA 411.4; MSA 17.144, if properly pled and proven. We hold that third-party plaintiffs have appropriately pled indemnity. It is high time, given the eight-year delay in this case, for these pleadings to stand the test of trial.

---

[4] We note also that even if the contracts are found not to provide coverage for the indemnitees' negligence, if GM and Huber, Hunt are found *vicariously* liable and not negligent—as pled by plaintiff—the contracts might be determined to be a basis for recovery over against Bethlehem. This is another jury question which we leave open here.

## II.

Bethlehem urges us to reverse the trial judge's decision to allow the third-party complaints to be tried together with the primary complaint. Bethlehem insists that the trial judge abused his discretion in refusing to order separate trials pursuant to GCR 1963, 505.2. That rule provides:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

However, as the Supreme Court stated in *Peasley v Lapeer Circuit Judge,* 373 Mich 222, 226; 128 NW2d 515 (1964):

"Our rule is expressly limited to situations where such orders of separation are required 'in furtherance of convenience or to avoid prejudice.' It is not a rule for wholesale application to all cases or to all of a particular type or to all in a particular circuit. Rather, the rule is cast in language which indicates clearly that it is designed for selective application to those cases in which the convenience of the parties and the court or the avoidance of prejudice compels such deviation from our traditional trial practices."

It would certainly not be more convenient to conduct separate trials, as Bethlehem tacitly admits. The issues are interwoven, the parties, witnesses and proofs nearly identical. Indeed, there might be considerable difficulty in insuring the presence of necessary out-of-state witnesses—Bethlehem employees—at the trial of the primary complaint if the third-party complaints are tried sepa-

rately. More importantly, the trial judge was concerned that separate trials would further delay this already much prolonged lawsuit. We share that concern.

Bethlehem's claim for separate trial is based solely on alleged prejudice. Bethlehem fears that if the two cases are tried together, when its negligence is injected into the proofs the jury will find for plaintiff solely, and improperly, on that basis.

The argument would have force could evidence of Bethlehem's negligence be excluded from the primary case in Bethlehem's absence. If by separating the two causes we would thereby keep evidence of Bethlehem's negligence out of the Nanasi-GM-Huber, Hunt suit, then separate trial might be called for. However, as we have seen, Bethlehem's negligence is potentially an integral part of plaintiff's attempt to show that GM and Huber, Hunt were negligent in supervising the project. Thus Bethlehem's negligence is relevant and admissible evidence in the primary suit. Separate trials will not prevent the jury from deciding for plaintiff by applying the *non sequitur* posed by Bethlehem. Indeed, Bethlehem's *presence* may provide more protection, since vigilant participating counsel can then more effectively monitor the proceedings. Cautionary instructions, proper presentation of evidence, argument by counsel, even sequential trial of issues,[5] must be relied upon to prevent jury confusion, avoid prejudice to Bethlehem, and assure proper adjudication of these complaints. Denial of the motion for separate trials was not error.

Affirmed. Costs to appellees.

All concurred.

---

[5] GCR 1963, 509.3.