Jeffrey C. MOORE, Plaintiff,

v.

LEWIS MANUFACTURING COMPANY and Celina Mutual Insurance Company, Jointly and Severally, Defendants.

CELINA MUTUAL INSURANCE COMPANY, Cross-Plaintiff,

v.

LEWIS MANUFACTURING COMPANY,
Cross-Defendant.

LEWIS MANUFACTURING COMPANY, Third-Party Plaintiff,

v.

SEAWAY SUPPLY, INC.,
Third-Party Defendant.

Civ. A. No. 74–72845.

United States District Court,
E. D. Michigan, S. D.

Jan. 19, 1976.

Paul Broadwell, Phoenix, Ariz., Richard Goodman, Robert A. Koorey, Goodman, Eden, Millender, Goodman & Bedrosian, Detroit, Mich., for plaintiff.

Bruce Franklin, Franklin, Petrulis & Lichty, P. C., Troy, Mich., B. I. Stanczyk, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P. C., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Jeffrey C. Moore of Phoenix, Arizona brought this diversity action to recover for personal injuries suffered while employed as a roofer in the construction of a home on property owned by defendant Lewis Manufacturing Company (Lewis) of Bay City, Michigan. Defendant Celina Mutual Insurance Company (Celina) of Celina, Ohio is the workmen's compensation carrier for plaintiff's employer, Seaway Supply, Inc. (Seaway), a Michigan corporation. More than ten days having elapsed since Lewis served its original answer, Lewis now moves for leave to implead Seaway pursuant to Federal Rule of Civil Procedure 14(a).

Lewis states in paragraph 7 of its third-party complaint that "should it be found liable to the Plaintiff, such could only be on the basis of vicarious liability and accordingly it would be entitled to full indemnification on the basis of common law principles from Third-Party Defendant Seaway Supply, Inc." In the exercise of its discretion under Rule

14(a), the court should deny Lewis' motion if the third-party complaint fails as a matter of law to state a claim for common law indemnity under the law of Michigan.

The Michigan rule of common law indemnity has been stated as follows:

"[W]here the wrongful act of one results in liability being imposed on another, such other person may have indemnity from the person actually guilty of the wrong."

*Indemnity Ins. Co. v. Otis Elevator Co.,* 315 Mich. 393, 398–99, 24 N.W.2d 104, 106 (1946), *quoting Village of Portland v. Citizens Telephone Co.,* 206 Mich. 632, 636, 173 N.W. 382 (1919). The Michigan Supreme Court applied this rule to permit indemnity from the employer of the primary plaintiff—despite the immunity enjoyed by the employer under the Workmen's Compensation Act—in *Dale v. Whiteman,* 388 Mich. 698, 202 N.W.2d 797 (1972). The court in *Dale* rested its decision upon the rationale that (1) the third-party plaintiff was "without personal fault", and (2) the third-party defendant was "the party best situated to adopt preventive measures and thereby reduce the likelihood of injury". 388 Mich. at 706, 202 N.W.2d at 801.

The focal point on the present motion is the complaint of the primary plaintiff. The court must decide whether the primary plaintiff could recover from Lewis under its complaint on facts that would show Lewis to be free from personal fault and Seaway to be the party best suited to adopt preventive measures.

Plaintiff alleges in paragraph 5 of his complaint that while engaged in applying shingles to a new home under construction he lost his balance and fell 25–30 feet to the ground. Lewis and Celina are responsible for the resultant injuries, plaintiff says, due to the following negligent omissions:

"A. In failing to furnish the plaintiff and his co-workers, adequate and proper instructions for the performance of said work when the defendants knew or should have known that the plaintiff was performing dangerous and hazardous work at the time of his injury;

"B. In failing to provide the proper warnings of the dangers involved in the performance of the plaintiff's work at the time of his accident.

"C. In failing and neglecting to make proper inspections of the premises in regard to the work being performed on said house, and to distribute the information obtained from said inspection to all employees and companies performing work in regard to the construction of said home, particularly the work involving the roof of said home."

The alleged failures to instruct, warn of dangers, inspect the premises and distribute information are all omissions of acts that plaintiff says Lewis and Celina should have performed. If such omissions are indeed tortious under Michigan law, liability will fall upon Lewis and Celina only because of their own failure to perform. Plaintiff does not claim that Lewis and Celina are somehow vicariously liable for acts or omissions on the part of Seaway. The fundamental premise of indemnity under the common law of Michigan, namely, the absence of personal fault, is therefore lacking in this case. Accordingly, the third-party complaint fails to state a claim for which relief can be granted, and Lewis' motion is denied.

Lewis relies upon *Nanasi v. General Motors Corp.,* 56 Mich.App. 652, 224 N.W.2d 914 (1974), for a contrary result. In that case, the court held that a cause of action for common law indemnity was stated by the owner of a construction site and a general contractor against the employer of the deceased employee for whose wrongful death the primary action was brought. The court rested its decision on the fact that the primary plaintiff had pleaded that the owner and the general contractor had conducted "inherently dangerous activities", which

the court interpreted as a claim of "vicarious liability". 56 Mich.App. at 660.

In the present case, the primary plaintiff does not expressly rely upon a theory of vicarious liability, nor is the building of a home characterized as an inherently dangerous activity (if, indeed, such a characterization would be supportable under Michigan law). *Nanasi* is therefore distinguishable. Lewis, however, points to dictum in the *Nanasi* opinion to the effect that indemnity might be predicated upon a finding that the owner was liable because he negligently failed to supervise the work of the employer of plaintiff's decedent. *See* 56 Mich.App. at 658, 224 N.W.2d 914. Lewis argues that this failure to supervise is subsumed within plaintiff's charge that Lewis failed "to distribute the information obtained from said inspection to all employees and companies performing work in regard to the construction of said home". While this is not a vicarious liability theory,[1] as Lewis apparently contends, but rather depends upon a finding of personal fault (in failing to supervise) on the part of the owner, the language of the court in *Nanasi* is susceptible of the interpretation given it by Lewis. *Nanasi*, however, did not cite authority—nor has any been found in the Michigan cases[2]—for indemnity where the basis for primary liability is the breach by the owner of a duty to supervise his independent contractors. The court holds that the breach by the owner of such a duty is inconsistent with the requirement for common law indemnity, set forth in *Dale*, that the indemnitee be free from personal fault.

For these reasons defendant Lewis' motion to implead Seaway Supply, Inc. as a third-party defendant must be denied. An appropriate order may be submitted.

---

1. "Vicarious liability" is a term employed by the authors of the Restatement (Second) of Torts to mean liability "making the employer liable for the negligence of the independent contractor, irrespective of whether the employer has himself been at fault". Volume 2 at 394.

2. While there is support for indemnity in such situations in other jurisdictions, *see, e. g., Globig v. Greene & Gust Co.,* 201 F.Supp. 945, 953 (E.D.Wis.1962), *aff'd,* 313 F.2d 202 (7th Cir. 1963) (owner entitled to indemnity from contractor where basis of owner's liability to primary plaintiff was "its failure to detect that the said unsafe condition had not been corrected by the contractor"), *citing Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) (owner of ship entitled to indemnity from contractor who loaded ship in unsafe manner, where shipowner's primary liability rested upon its own negligence in failing to provide a safe place to work), the Michigan Supreme Court has not indicated any inclination to follow such cases.