## DIEKEVERS v SCM CORPORATION

1. Workmen's Compensation—Exclusive Remedy—Indemnity—
   Pleading—Vicarious Liability—Third-Party Actions—Stat-
   utes.

   An employer may be joined as a third-party defendant on an
   indemnity theory without disturbing the exclusive remedy
   clause of the workmen's compensation act, in an action by an
   employee against a manufacturer where the principal defend-
   ant and the employer have entered into a written contract in
   which one party has clearly agreed to indemnify the other or
   where the principal defendant suffers vicarious liability due to
   its relationship with the employer (MCLA 418.131; MSA
   11.237[131]).

2. Indemnity—Workmen's Compensation—Manufacturers—Ac-
   tive Negligence.

   Active negligence by a manufacturer in the design or manufac-
   ture of a machine which injured an employee, in an action by
   the injured employee against the manufacturer in which such
   negligent design or manufacture is alleged, bars a third-party
   action for indemnity by the manufacturer against the injured
   employee's employer.

3. Indemnity—Third-Party Actions—Manufacturers—Negligence
   —Complete Defenses.

   A manufacturer's third-party complaint seeking indemnification
   from the employer of an injured employee, in the employee's
   action against the manufacturer in which the negligent design
   or manufacture of a machine is alleged, is improperly brought
   where the third-party complaint was based upon the manufac-
   turer's claim that the injury resulted solely from the employ-
   er's negligence and this claim, if proven, would amount to a
   complete defense to the employee's action.

Appeal from Wayne, Michael L. Stacey, J. Sub-

Reference for Points in Headnotes
[1, 3] 82 Am Jur 2d, Workmen's Compensation §§ 428–432.

mitted November 8, 1976, at Detroit. (Docket No. 27084.) Decided December 10, 1976.

Claim by Richard Diekevers against SCM Corporation for injuries sustained in the course of his employment. Third-party complaints for indemnification by SCM Corporation against Truman Dekker, doing business as Huizenga's Wholesale Meats, Employers Mutual Liability Insurance Company of Wisconsin, and Berkel Incorporated. Berkel Incorporated was added as a party defendant. Third-party defendants Dekker and Employers Mutual Liability Insurance Company of Wisconsin filed a motion for summary judgment. Summary judgment granted. SCM Corporation appeals. Affirmed.

*Fitzgerald, Young, Peters, Bruno, Damm & Bunn* (by *Geoffrey L. Smith),* for third-party plaintiff SCM Corporation.

*Marvin H. Gadd* and *Sharon C. Ranucci,* for third-party defendants Truman Dekker and Employers Mutual Liability Insurance Company of Wisconsin.

Before: D. F. WALSH, P. J., and R. B. BURNS and O. B. BIVINS,* JJ.

R. B. BURNS, J. The principal case arises out of a claim for injuries sustained by the plaintiff while operating a grinding machine in the course of his employment with third-party defendant-appellee Truman Dekker, d/b/a Huizenga's Wholesale Meats (Huizenga).

The principal defendant, SCM Corporation, was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sued as manufacturer of the machine by plaintiff. SCM filed third-party complaints for indemnification against Huizenga and against Employers Mutual Liability Insurance Company [Employers Mutual], the workmen's compensation carrier for Huizenga.

Both third-party defendants filed motions for summary judgment under GCR 1963, 117.2(1) claiming that SCM's third-party complaints failed to state a cause of action in indemnification as to either of the third-party defendants. The motions were granted, and SCM appeals.

It is now clear that, in certain contexts, "an employer can be joined as a third-party defendant on an indemnity theory, without disturbing the exclusive remedy clause of the Workmen's Compensation Act [MCLA 418.131; MSA 17.237(131)]". *Nanasi v General Motors Corp,* 56 Mich App 652, 656–657; 224 NW2d 914, 916 (1974), citing *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973).

One such context is where "the parties have entered into a written contract in which one party has clearly agreed to indemnify the other". *Dale v Whiteman,* 388 Mich 698, 704; 202 NW2d 797, 800 (1972). Another, and the most typical and important context, allows common-law indemnity where the principal defendant suffers vicarious liability due to its relationship with the third party. *Nanasi, supra,* at 658; *McLouth, supra,* at 430. This latter relationship frequently results from "inherently dangerous" activities, and constitutes the theory supporting indemnification whether or not "the magic words 'vicarious liability' " are present or absent in plaintiff's complaint. *Nanasi, supra,* at 660.

The common thread running through the *Dale,*

*McLouth* and *Nanasi* cases is the existence of a special relationship between the primary defendant and the third-party defendant—whether a contractual relationship or a fact situation to impose vicarious liability—that permits the primary defendant to be held liable for injuries proximately caused by the negligence of the latter. Our question thus effectively reduces to a determination of whether or not the primary complaint claims recovery under an allegation or inference of such a "special relationship" so as to give rise to the right of indemnification; if so, the summary judgments were improvidently granted.

The primary plaintiff's complaint in this case alleged negligent design and manufacture as the basis of liability against SCM. The complaint does not even begin to infer any vicarious liability of SCM. In turn, SCM's third-party complaint against the employer pleads freedom from active, proximate and causal negligence and asserts active negligence on the part of Huizenga. SCM's complaint does not rely upon a theory of vicarious liability or any special relationship between itself and Huizenga.

If the allegations of the principal complaint are proven to be true and the product was defectively designed or manufactured, then SCM is liable for its own active negligence and not entitled to indemnification. Conversely, if SCM's claim that the primary plaintiff's injury resulted solely from the employer's negligence is true, then this constitutes a complete defense to the original action rather than the basis for a third-party complaint for indemnification.

Accordingly, we affirm the trial judge's conclusion that the third-party claim for indemnification is improper against Huizenga as a matter of law

for failure of the third-party complaint to state a claim for which relief can be granted. GCR 1963, 117.2(1). This conclusion comports with that of the recent and well-reasoned opinion of *Prosky v National Acme Co,* 404 F Supp 852 (ED Mich, 1975), applying Michigan law to a factual situation virtually identical to that presented herein.

SCM based its complaint for indemnification against Employers Mutual on alleged negligence "in failing to properly inspect said machine". Employers Mutual responds by contending that MCLA 418.827(8); MSA 17.237(827)(8) bars any and all claims for indemnification for negligent inspection by all third parties against a workmen's compensation carrier.

We need not and, accordingly, will not evaluate this proposition in deciding this case. Our reasoning as to SCM's failure to properly plead indemnification applies equally to both third-party defendants-appellees. SCM's complaint against Employers Mutual did not allege a special relationship or a situation indicative of vicarious liability required for indemnification. The suit against Employers Mutual is improper as a matter of law because of the nature of the pleadings.

Affirmed.