SWINDLEHURST v RESISTANCE WELDER CORPORATION

Docket No. 56079. Submitted June 18, 1981, at Detroit.—Decided October 21, 1981. Leave to appeal applied for.

Gary Swindlehurst and Theresa Swindlehurst brought an action against Resistance Welder Corporation for damages resulting from injuries received by Gary Swindlehurst while operating certain machinery manufactured by Resistance. Resistance moved to add General Motors Corporation (GMC), Gary's employer, as a third-party defendant for indemnification and contribution, which motion was granted. GMC subsequently moved for summary judgment on the ground that Resistance had failed to state a claim upon which relief could be granted, which motion was granted, Oakland Circuit Court, Steven N. Andrews, J. Resistance appeals. *Held:*

1. The trial court properly granted GMC's motion. The record reveals that under Michigan law, Resistance's complaint for common-law indemnity was insufficient when compared with the plaintiffs' allegations of active negligence on Resistance's part. Resistance likewise failed to state a claim based on an implied contract of indemnity.

2. Partial indemnity of Resistance by GMC based on comparative fault is not available under Michigan law.

3. Resistance failed to brief the issue of contribution on appeal thereby precluding review.

Affirmed.

1. JUDGMENTS — APPEALS — SUMMARY JUDGMENT — COURT RULES.

A trial court's grant of summary judgment for failure to state a claim upon which relief can be granted is tested by the legal sufficiency of the pleadings alone; the factual allegations of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 879.

[2-5] 41 Am Jur 2d, Indemnity § 21.

Right of tortfeasor guilty of only ordinary negligence to be indemnified by one guilty of intentional wrongdoing, wanton misconduct, or gross negligence. 88 ALR2d 1355.

[5] 41 Am Jur 2d, Indemnity §§ 19, 20.

[6] 5 Am Jur 2d, Appeal and Error §§ 311, 421, 430.

complaint are deemed true, along with any inferences or conclusions which fairly may be drawn therefrom, and, unless the claim is so clearly unenforceable as a matter of law that no factual development possibly could justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. INDEMNITY — TORTS — COMMON-LAW INDEMNITY.

A party to a tort action upon whom liability for the wrongful act of another is imposed and who is able to plead and prove that he is free from active or causal negligence in the commission of the wrong and whose liability arises only by operation of law may have common-law indemnity from the actual wrongdoer; however, no indemnification may be had between actual joint tortfeasors or tortfeasors in pari delicto.

3. INDEMNITY — TORTS — COMMON-LAW INDEMNITY — NEGLIGENCE.

A trial court, in determining whether a party to a tort action is entitled to common-law indemnity, must consider the primary plaintiff's complaint, and where the complaint alleges active rather than passive negligence the party is not entitled to common-law indemnity.

4. INDEMNITY — TORTS — COMPARATIVE FAULT.

Partial indemnification of one tortfeasor by another based on comparative fault is not available under Michigan law.

5. INDEMNITY — IMPLIED CONTRACTS OF INDEMNITY — THIRD-PARTY PLAINTIFFS.

A trial court, in determining whether a third-party plaintiff has stated a cause of action for indemnity based on an implied contract of indemnity, must look to the third-party complaint as well as the original complaint, and where it appears that the third-party plaintiff is not completely without fault, indemnity may not be had.

5. APPEAL — PRESERVING QUESTION.

Any issue not briefed and supported on appeal is considered abandoned.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *Ronald F. DeNardis),* for third-party plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs),* for third-party defendant.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

E. E. BORRADAILE, J. Gary Swindlehurst was injured on June 5, 1978, while operating a machine manufactured by defendant Resistance Welder Corporation (hereafter Resistance), while employed by third-party defendant General Motors Corporation (hereafter GMC). He alleged that the machine on which he was injured had controls which were inadequate because a "fail safe" control was not provided which would prevent operation of the machine until the operator pushed and continued to push the control button. The complaint against Resistance was based on negligence and breach of certain implied warranties.

Resistance, after denying all allegations of negligence and breach of warranty, filed a third-party complaint against GMC, claiming, *inter alia,* that GMC furnished the design and specifications for the machine, that Resistance intended that the machine causing the injury would be installed and used with a continuous control button and that GMC installed a press and release button which allowed the operator to step away from the machine while it was in operation, and that GMC's action was the proximate cause of the injuries sustained. Resistance sought indemnity and contribution.

GMC filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), arguing in the trial court that the allegations raised by Resistance, if proven, would constitute a complete defense and that therefore Resistance was not entitled to indemnity. GMC also argued that contribution would not lie since plaintiff's claim against GMC was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

limited to workers' compensation benefits and there was no common liability between Resistance and GMC.

The trial court, relying on *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965), ruled that under MCL 600.2925a(2); MSA 27A.2925(1)(2), there was no "common liability" because of the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), and therefore granted summary judgment as to the contribution claim. The court also granted summary judgment on the claim for indemnity, finding that the third-party complaint did not rely on a theory of vicarious liability and, if actively negligent because of the defective design or manufacture of the machine, Resistance could not recover. The court relied on *Hill v Sullivan Equipment Co,* 86 Mich App 693; 273 NW2d 527 (1978), *lv den* 406 Mich 880 (1979), and *Diekevers v SCM Corp,* 73 Mich App 78; 250 NW2d 548 (1976).

Resistance appeals as of right the dismissal of the third-party complaint with prejudice. Resistance argues that it has stated a claim under either a common-law or implied contract of indemnification theory of recovery, that it is entitled to full contribution from GMC, and that this Court should abandon the active-passive fault rule in favor of comparative fault in common-law indemnification claims.

A review of a grant of summary judgment under GCR 1963, 117.2(1), tests the legal sufficiency of the pleadings alone and not whether the complaint can be supported factually. The factual allegations are deemed true, along with any inferences or conclusions which fairly may be drawn from the facts alleged. Unless the claim is so clearly unen-

forceable as a matter of law that no factual development possibly can justify a right to recover, the motion must be denied. *O'Toole v Fortino,* 97 Mich App 797, 802; 295 NW2d 867 (1980), *lv den* 410 Mich 863 (1980).

This Court in *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58, 61-62; 248 NW2d 676 (1976), quoting from *Provencal v Parker,* 66 Mich App 431, 435-436; 239 NW2d 623 (1976), examined the settled principles of indemnity as developed by the Courts of this state:

" 'Indemnification rests upon the equitable principle of a right to restitution. *Dale v Whiteman* [388 Mich 698; 202 NW2d 797 (1972)]. The theory of indemnity is that where the wrongful act of one results in liability being imposed on another, such other person may have indemnity from the person actually guilty of the wrong. *Hart Twp v Noret,* 191 Mich 427; 158 NW 17 (1916), *Detroit, G H & M R Co v Boomer,* 194 Mich 52; 160 NW 542 (1916), *Village of Portland v Citizens Telephone Co,* 206 Mich 632; 173 NW 382 (1919), *Indemnity Insurance Co of North America v Otis Elevator Co,* 315 Mich 393; 24 NW2d 104 (1946). The party seeking indemnity must plead and prove freedom on his part from personal fault. *Indemnity Insurance Co of North America v Otis Elevator Co, supra, Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965). This has been interpreted to mean that the party seeking indemnity must be free from active or causal negligence, *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973), *lv den* 391 Mich 754 (1973), *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974). There is no right of indemnification between actual joint tortfeasors or tortfeasors in pari delicto. *Detroit, G H & M R Co v Boomer, supra, Village of Portland v Citizens Telephone Co, supra.' "

*Minster Machine Co, supra,* 62-63, following the established principles of Michigan case law, held

that an indemnitee must be without personal fault for the harm that has occurred. The party seeking indemnity must be able to show that " 'he did not participate in the commission of the tort; and his liability arises only by operation of law' ". *Id.*, 62, quoting from *Geib v Slater*, 320 Mich 316, 321; 31 NW2d 65 (1948). Further, " 'liability should fall upon the party best situated to adopt preventive measures' ". *Minster Machine Co, supra*, 62, quoting from *Dale, supra*, 706.

The cases establish a requirement that a principal defendant may be only passively rather than actively negligent in order to state a proper claim for common-law indemnity. See *Dale, supra*, 705, and *Minster Machine Co, supra*, 63. To make that determination, the Court must consider the principal plaintiff's complaint. If that complaint alleges active negligence as opposed to passive negligence, a defendant is not entitled to common-law indemnity. *Hill, supra, Minster Machine Co, supra, Peeples v Detroit*, 99 Mich App 285; 297 NW2d 839 (1980), *Diekevers, supra.*

In this case, the principal complaint alleges active fault on the part of Resistance in the design and/or manufacture of the machine. If the allegations are proven, Resistance would be actively negligent and hence not entitled to indemnity. *Peeples, supra*, 293. Conversely, if Resistance's claim that GMC was negligent and that negligence was the proximate cause of plaintiff's injury, Resistance has a complete defense to the principal action, rather than a claim for indemnification.

Resistance invites us to abolish this harsh all-or-nothing doctrine pursuant to the Supreme Court's abolition of contributory negligence in *Placek v Sterling Heights*, 405 Mich 638; 275 NW2d 511 (1979). Resistance also refers us to the excellent opinion of the California Supreme Court in *Ameri-*

*can Motorcycle Ass'n v Superior Court of Los Angeles County,* 20 Cal 3d 578; 146 Cal Rptr 182; 578 P2d 899 (1978), in which that Court, after tracing the common-law doctrine of indemnity, decided to follow its own lead in abrogating contributory negligence, by adopting comparative fault indemnity. The Court points out that New York in *Dole v Dow Chemical Co,* 30 NY2d 143; 331 NYS2d 382; 282 NE2d 288 (1972), modified that state's traditional all-or-nothing indemnity doctrine to permit a tortfeasor to obtain partial indemnification from another tortfeasor on the basis of comparative fault.

California's Supreme Court noted the following:

"While the doctrine [of equitable indemnity] has frequently prevented a more culpable tortfeasor from completely escaping liability, the rule has fallen short of its equitable heritage because, like the discarded contributory negligence doctrine, it has worked in an 'all-or-nothing' fashion, imposing liability on the more culpable tortfeasor only at the price of removing liability altogether from another responsible, albeit less culpable, party." *American Motorcycle Ass'n, supra,* 583.

The Supreme Court said in *Placek, supra,* 656, that, "[t]here is no question that both this Court and the Legislature have the constitutional power to change the common law". Whether our Supreme Court intended by its language to limit this Court's authority is unclear. What is clear is that a precedent-making decision on a point of law may be overruled by the Court that made the decision or by a higher court. See 20 Am Jur 2d, Courts, § 231, p 560. Blind adherence to *stare decisis* is not a requirement, but lower courts should not overrule precedents which have been established by the higher court with impunity. See Wise, *The*

*Doctrine of Stare Decisis,* 21 Wayne L Rev 1043 (1975).

In *Dale, supra,* and *Husted, supra,* our Supreme Court followed a long history of precedent as to equitable indemnity. We believe the Supreme Court is the proper forum to make the change in the law. We are satisfied that Resistance has properly preserved the issue. The trial court did not err on the issue of common-law indemnification.

Next, we must determine if Resistance can recover from GMC under an implied contract of indemnity. To make such a determination, we must look at the third-party complaint as well as the principal complaint. *Hill, supra,* 697, and cases cited therein. In *Dale, supra,* 705-706, the Court indicated that, even under this theory of recovery, the indemnitee must be without personal fault, or the indemnitor must be best situated to adopt preventive measures and thereby to reduce the likelihood of injury.

GMC distinguishes this case from *Hill* by arguing that the machine in question left the manufacturer with the safety device in place and that no implied contract of indemnity arose because GMC did not reject a proffered safety device and no misrepresentations were made by it as to use or exposure to hazards. GMC is correct in citing *Holloway v General Motors Corp (On Rehearing),* 403 Mich 614; 271 NW2d 777 (1978), for the proposition that a manufacturer can he held liable for products liability only if the product left the manufacturer's control in a defective condition. GMC apparently concedes that it altered the machine by removing the "fail safe" system. Assuming that Resistance can avoid liability on this theory, the plaintiff employee is left to his remedies against GMC under the Worker's Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.*

Resistance argues that it manufactured the machine according to GMC's designs and specifications and that GMC, by accepting the product as so manufactured, impliedly represented that it would use the machine in that condition and also impliedly accepted the need for the safety device as originally installed.

The law requires, even under the implied contract of indemnity theory, a complete absence of fault on the part of the indemnitee. *Dale, supra.* The trial court did not err in granting summary judgment on the implied contract of indemnity theory.

Although Resistance raised the question of the right to contribution at the trial court level, it has failed to brief the issue on appeal. Any issue not briefed and supported on appeal is considered abandoned. *Royal Indemnity Co v H S Watson Co,* 93 Mich App 491, 494; 287 NW2d 278 (1979), *Smith v Saginaw Savings & Loan Ass'n,* 94 Mich App 263, 274; 288 NW2d 613 (1979). On oral argument, Resistance stated that indemnification is the only issue in the case.

The trial court correctly granted summary judgment under GCR 1963, 117.2(1).

Affirmed.